**1**

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE DISTRICT OF DELAWARE

 3  ICEUTICA PTY LTD., et al.,:
                              : No. 14-1515-SLR-SRF
 4         Plaintiffs,        :
                              :
 5                            :
                              :
 6  v.                        :
                              :
 7  LUPIN LIMITED, et al.,    :
                              :
 8         Defendants.        :

 9              Monday, June 15, 2015
                10:00 a.m.
10
                Discovery Review Hearing
11              Courtroom of Judge Sherry R. Fallon

12              844 King Street
                Wilmington, Delaware
13

14  BEFORE:   THE HONORABLE Sherry R. Fallon,
              United States District Court Magistrate
15

16  APPEARANCES:

17

18              FISH & RICHARDSON, P.C.
                BY:  ELIZABETH FLANAGAN, ESQ.
19              BY:  CHAD SHEAR, ESQ.

20                    On behalf of Plaintiffs

21

22

23

24
```

**2**

```
 1  APPEARANCES CONTINUED:

 2              PHILLIPS, GOLDMAN & SPENCE, P.A.
                BY:  DAVID BILSON, ESQ.
 3
                        -and-
 4
                KNOBBE MARTENS OLSEN & BEAR LLP
 5              BY:  CHRISTY LEA, ESQ.
                BY:  WILLIAM ZIMMERMAN, ESQ.
 6
                    On behalf of Defendants
 7

 8

 9

10

11

12

13

14

15

16  ALSO PRESENT:

17
        Martha Manning, Moji James and Stuart Moran,
18      iCeutica Pty, Ltd. and Iroko representatives

19      Mini Bhatt, Lupin Limited representative

20

21

22

23

24
```

**3**

```
 1              THE COURT:  Good morning,

 2  everyone.  Please be seated.  Let's start with

 3  the introductions for the Plaintiff iCeutica and

 4  Iroko.

 5              MS. FLANAGAN:  Good morning, Your

 6  Honor.  Elizabeth Flanagan from Fish &

 7  Richardson on behalf of the Plaintiffs iCeutica

 8  and Iroko.  With me today is my colleague Chad

 9  Shear.

10              MR. SHEAR:  Good afternoon, Your

11  Honor.

12              MS. FLANAGAN:  And I have the

13  pleasure to introduce several of our clients.

14  We have Martha Manning who is general counsel

15  for iCeutica.  We have Moji James who is general

16  counsel for Iroko Pharmaceuticals, and we have

17  Stuart Maron who is assistant general counsel

18  for Iroko Pharmaceuticals.

19              THE COURT:  Thank you.  And for

20  the Defendants Lupin?

21              MR. BILSON:  Good morning, Your

22  Honor.  David Bilson from Phillips, Goldman &

23  Spence for Defendants Lupin.  With me today at

24  counsel table from Knobbe Martens is Christie
```

**4**

```
 1  Lea and also Bill Zimmerman.  In the courtroom

 2  with us is Mini Bhatt from Lupin

 3  Pharmaceuticals.

 4              THE COURT:  Good morning.  All

 5  right.  This was the time that I had scheduled

 6  for a discovery review conference.  And for

 7  those of you and our corporate representatives

 8  here who have not previously attended a

 9  discovery review conference, it's simply an

10  opportunity for me to touch base with the

11  parties and with counsel to see how in general

12  the fact discovery process is progressing, to

13  address any discovery issues that may be

14  percolating, and in this case we do have some

15  discovery issues relating to the protective

16  order which I will be addressing as we go along

17  today, but also to make sure that the discovery

18  in this ANDA case is proportional and that it's

19  being exchanged in good faith and the parties

20  are on target to meet the deadlines in the

21  scheduling order.

22              The intent is that I will work

23  with both sides in making sure that discovery

24  progresses in an appropriate fashion so it's not
```

5

1  to derail the case from meeting the deadlines in
2  the scheduling order.  That's kind of the
3  overarching intent.  So with that, do the
4  parties have any -- I'm not sure the order, if
5  you've discussed in advance of this hearing the
6  order of what you want to address the discovery
7  review or do you want to address the discovery
8  issues related to the protective order first.
9        Let me hear first from Plaintiffs
10 on that.
11       MR. SHEAR:  Your Honor, Chad
12 Shear.  We can handle those in any series that
13 is convenient with you.  On the discovery review
14 aspect, I can simply say the Defendant has
15 produced their core technical documents.  We
16 have produced infringement contentions.  I don't
17 think any of the parties have any concern with
18 those two issues.  So from our perspective the
19 only issue remaining to be discussed is the
20 protective order Your Honor mentioned.
21       THE COURT:  Okay.  Let me hear
22 from the Defendants as well.
23       MS. LEA:  Sure.  And you will have
24 to excuse me, Your Honor.  I have a little bit

6

1  of a cold.  So the Defendants do see it a little
2  bit differently.  We are concerned that we are
3  off to the wrong foot on discovery.  We have a
4  couple of issues.  We did serve 10
5  interrogatories on Plaintiffs.  None of which
6  were substantively answered.
7        For five of the interrogatories
8  they relied on Rule 33(d), even though the
9  interrogatories were at a minimal to a discovery
10 answer.  For example, Interrogatory 10 asked
11 them to explain the basis for their standing.
12 We do have two different parties here as
13 licensees.  Again, they just relied on Rule
14 33(d) With no documents produced, and of course,
15 no actual reference to any documents.
16       THE COURT:  All right.  Well, let
17 me just stop you there, Ms. Lea.  Why don't we
18 proceed this way:  Let me hear first from the
19 Plaintiffs.  I will hear a little bit of
20 background of the litigation.  We can address
21 the document discovery that's been exchanged,
22 any pending interrogatories, Requests For
23 Admissions, specific document requests that are
24 pending and how that's proceeding here.

7

1        I will hear from Defendants on
2  those points as well.  Then we will take each
3  issue that cropped up with regard to getting a
4  protective order in place.
5        MS. LEA:  Okay.  And we do have
6  one more issue, Your Honor, if I may.
7        THE COURT:  Go ahead.
8        MS. LEA:  The inventors on the
9  patents are Australian.  They are in Australia
10 and we have asked Plaintiffs repeatedly to tell
11 us whether they are going to bring them to the
12 United States or whether they will voluntarily
13 sit for deposition in Australa or whether we
14 will have to resort to The Hague, and we have
15 not gotten a definitive answer.
16       I was told on the phone that I
17 would not have to resort to The Hague and they
18 may voluntarily sit for deposition in
19 Australia.  But they have not been willing to
20 tell me whether they have control over the
21 inventors or they can either force them to come
22 to the United States or whether they will
23 voluntarily come to the United States.  And this
24 is something we have to work out quickly so that

8

1  if we need to resort to The Hague, we will need
2  to get started.
3        THE COURT:  Very well.
4  Plaintiffs, Mr. Shear?
5        MR. SHEAR:  Your Honor, on the
6  discovery disputes we can handle that if you
7  would like.  I understood from your order that
8  those issues wouldn't be raised this morning,
9  but we are perfectly prepared and willing to
10 discuss them if you'd like us to.
11       THE COURT:  I will tell counsel
12 that the only discovery disputes I'm going to
13 hear and make rulings on today are the issues in
14 the protective order concerning whether or not
15 Lupin's corporate legal representative in India
16 can have access to certain confidential
17 designated documents and the patent prosecution
18 bar.  Those are the two issues I will address
19 today.
20       Any further issues with regard to
21 discovery, what I'd like to hear today is just
22 the background of the case, what is prompting or
23 behind these other discovery disputes that may
24 be percolating and the parties' view on how we

9

1 should go about addressing them.  I can set
2 another discovery conference, whether in person
3 or by teleconference at a future date.  But if
4 we're going to do that, I would like to hear
5 from both sides before I give the parties any
6 further indication of how that should proceed.
7        MR. SHEAR:  Sure.  Let me begin
8 with a small background or brief background of
9 the case.  So Iroko and iCeutica developed and
10 ultimately marketed a product called Zorvolex
11 which is a pain medication used predominantly
12 for immediate relief once pain onset has
13 occurred.  It could be post-surgical or a whole
14 variety of situations.
15        Lupin is a generic drug company
16 that has filed an abbreviated new drug
17 application seeking permission for all intents
18 and purposes to market a generic version of our
19 product.  So unlike typical patent litigation in
20 a Hatch-Waxman case, the roles are very much
21 reversed, wherein the Defendant is prepared
22 months and months in advance for the
23 litigation.  Whereas frankly on the Plaintiff's
24 side, it comes as a surprise as it did in this

10

1 case.
2        So once we received the Paragraph
3 IV letter, we did our initial due diligence on
4 that and filed suit here in Delaware and the
5 case has been progressing since.  The parties
6 have each served initial discovery, responded to
7 initial discovery and are working through the
8 various issues associated with document
9 production, document discovery, negotiation of
10 search terms, the myriad of things that happen
11 at the beginning of a lawsuit.
12        Now, on the specific issues that
13 counsel has raised, perhaps I can go at them in
14 reverse order.
15        THE COURT:  Okay.
16        MR. SHEAR:  Maybe that's easiest.
17 The last thing I believe she mentioned was
18 location of the depositions for the inventors.
19 There are five inventors on the patents.  One of
20 them is located here in the U.S., and obviously
21 the location for his deposition will be a
22 nonevent.  He's located in Philadelphia and that
23 will be currently easy and he's a current
24 employee of the parties.

11

1        The other four is a different
2 story.  None of them are employees.  They're all
3 third parties.  Three of the four we are in
4 contact with, but one inventor we've been unable
5 to locate.  So three of the four we are figuring
6 out, A, whether The Hague process is necessary
7 or, B, where the depositions will be taking
8 place.  As to The Hague, it's my understanding
9 The Hague won't be necessary.  They will agree
10 and have agreed to voluntarily sit for a
11 deposition.
12        THE COURT:  But where have they
13 agreed to voluntarily sit for --
14        MR. SHEAR:  Well, that's part of
15 the problem.
16        THE COURT:  Without giving any
17 type of preview on the ruling one way or the
18 other, it's typically been observed in this
19 District Court that if you are calling a witness
20 to trial in Delaware, you should conveniently
21 produce them for deposition if they are coming
22 to trial.  Again, I'm not making any ruling.  I
23 take these things on a case-by-case basis with
24 full understanding of the circumstances, and I

12

1 think this is the type of issue that will not
2 lend itself to a ruling today.
3        This is something I want to see
4 some papers on, have some argument on before
5 making a decision but I will give you the
6 practice as you probably are familiar with as
7 well just as a guidepost to figure this out.  If
8 we are going to keep on the scheduling order,
9 those decisions can't be left lingering.  You
10 have a five-day bench trial in about a
11 year-and-a-half or so, November 2016.  And those
12 decisions are going to need to be made,
13 particularly if it involves witnesses coming to
14 trial.
15        MR. SHEAR:  Absolutely.  And I
16 can't stand here today and tell you who we will
17 call or won't call at trial.
18        THE COURT:  You said three out of
19 four you have contact with even if they are no
20 longer current employees of the Plaintiffs.
21 What is the status with the fourth?
22        MR. SHEAR:  We are unable to
23 locate him.
24        THE COURT:  Okay.  All right.

13

1    MR. SHEAR:  So for the three that
2  we have been in contact with, as I said, they
3  will voluntarily sit for a deposition.  We have
4  no contractual ability to force these people to
5  the U.S.  They are former employees, not current
6  employees, and we don't have any contracts that
7  I'm aware of that will enable us to force them
8  to come here.
9    It seems to me that there are a
10  variety of ways to ameliorate the situation,
11  whether that's scheduling all of the depositions
12  back to back in the same time frame if we have
13  to go to Australia, whether that's doing the
14  depositions by video.  It seems to me there are
15  ways we can ameliorate the situation that will
16  address everyone's concerns.
17    THE COURT:  The discussion of
18  those alternate means of taking discovery, how
19  far into the discussions have you got, if any,
20  with the other side with the Defendants?
21    MR. SHEAR:  We haven't had a
22  chance to discuss this yet.  We are still
23  talking to the inventors to try to get a sense
24  of whether or not they will come to the U.S.  I

14

1  know for one of the inventors, specifically he
2  just started a new job in Australia and it will
3  be incredibly difficult for him to come here for
4  a deposition.  I don't have any information on
5  the other two.
6    THE COURT:  Unless you had more to
7  say regarding the depositions, do you want to
8  address the other issue raised with regard to
9  outstanding interrogatories, 10 interrogatories
10  and Defendants' preview that there may be a
11  discovery issue with regard to the sufficiency
12  of responses.
13    MR. SHEAR:  Sure.  In the first
14  instance, I will be surprised if there is a
15  dispute.  Obviously, if in the end our responses
16  are insufficient, then it's going to be us
17  that's hampered at trial.  Now, with that being
18  said, the way in which this came down, we
19  received a one-paragraph email generally stating
20  they had concerns with discovery, which is not
21  typical I think of how the practice operates.
22    Usually each side exchanges
23  lengthy letters and the parties get on the phone
24  and work things out.  We had a lengthy meet-and-

15

1  confer based on the one-paragraph email in which
2  every single Request For Production was gone
3  through on an itemized basis, and we are in the
4  process right now of addressing the concerns
5  that were raised at that meet-and-confer and we
6  promised to them a response in writing, and they
7  will have that letter this week.
8    So I think the dispute right now
9  is premature.  But if there's any specific
10  issues that need to be addressed, we are happy
11  to address them.
12    THE COURT:  All right.  Anything
13  further with regard to how fact discovery is
14  progressing in general?  You are beyond
15  production file history, Defendant's ANDA, the
16  initial infringement contentions.
17    MR. SHEAR:  We are.  And all of
18  those dates have been complied with.
19    THE COURT:  So no further issues
20  other than getting to the protective order
21  issue?  No further issues from Plaintiff this
22  second?
23    MR. SHEAR:  Not as far as I would
24  say.  I guess in general we are still in the

16

1  infancy of discovery and the parties are working
2  on search terms for those types of things, so it
3  would be unusual to expect in my experience a
4  precise response to interrogatories where Rule
5  33(d) would be permissible and appropriate to be
6  citing documents immediately.
7    We have already made one document
8  production and we will make further document
9  productions.  We are working on supplemental
10  interrogatories.  But all of those things will
11  generally flow in the normal course of
12  discovery.  The document production is set to be
13  over in almost four months so we are
14  progressing.
15    THE COURT:  Okay.  Very well.  Let
16  me hear from Lupin with regard to the discovery
17  and issues that the Court may have to address in
18  the future.
19    MS. LEA:  Sure.  Your Honor, first
20  of all, I will take his last statement.  We
21  disagree that Rule 33(d) is appropriate, and we
22  explained the basis for standing.  I'm sure
23  there are agreements involved, but just to point
24  to documents or even the specific agreements do

17

1    not explain their theory of standing which is
2    what we ask for.
3            On the inventors, Your Honor,
4    you're hearing what we've heard.  But we
5    haven't -- it's just a matter of when will they
6    tell us.  Can we have a date of when we're going
7    to know about whether the inventors are coming
8    to the United States, something in writing, if
9    they are or even if they are not, can they
10   voluntarily sit in Australia, so that we are not
11   sitting and wasting our time and not applying
12   under The Hague.
13           THE COURT:  Well, it sounds like
14   you need to have a conversation with Plaintiffs
15   on those points.  First, you're aware of my
16   comments and concerns down the line of who is
17   ultimately going to be here to testify at trial,
18   how do you get discovery from those
19   individuals.  I think these are all issues that
20   need to be addressed.
21           Your first efforts at creating a
22   timeline or a date certain that you would like
23   should occur first with your opposing counsel on
24   those points before the Court needs to address

18

1    that.  I would hope that these would be issues
2    that counsel can work out, at least as far as
3    taking the depositions and scheduling those
4    depositions and what's going to happen with
5    them.
6            MS. LEA:  Just so Your Honor
7    knows, we have had multiple phone calls and
8    multiple emails on the inventors as well as the
9    interrogatory responses, we have had a very
10   lengthy meet-and-confer about the interrogatory
11   responses and the document production.  Many of
12   the document production requests, they simply
13   answered they are not going to produce
14   documents.
15           And in the meet-and-confer, they
16   said, well, it will probably be covered by the
17   search terms.  We finally do have their search
18   terms and we are reviewing them.  It was a
19   little bit shocking to receive from them answers
20   to many of the document requests that they
21   simply would not produce documents.
22           THE COURT:  It's my understanding
23   from what Mr. Shear just represented that you
24   will receive a response to the deficiency

19

1    notification that you sent to them this week, so
2    perhaps what you can do is wait to get that
3    response.  We can set a date on the calendar if
4    counsel wants me to do that.
5            I'm willing to set a date on the
6    calendar to address both issues, both the
7    deposition issues and the sufficiency of
8    responses, but I'm not likely to be able to
9    accommodate that date in July.  So if you want
10   to set something on the calendar for August, we
11   can do it.  And that's why I asked counsel to
12   work it out as best you can in the interim.
13           MS. LEA:  I would hope we can work
14   it out, but I do think, Your Honor, the way
15   things are going it would be helpful to have a
16   date set on the calendar.
17           THE COURT:  I'm not sure if my law
18   clerk is able to provide a date.  She will check
19   the calendar and I will discuss that later in
20   our hearing today.  Why don't we move forward
21   then if there are discovery issues, in the sense
22   of giving me the overview of the discovery, how
23   it's progressed to date.  We can work into the
24   protective order issues.  I want to hear first

20

1    from Plaintiffs since they initiated the
2    briefing on the protective order issue.
3            Mr. Shear, let's take one issue at
4    a time.  I have no preference as to how we
5    start.
6            MR. SHEAR:  I don't either, Your
7    Honor.  Perhaps we will start in the order the
8    parties briefed the issues.
9            THE COURT:  Very well.
10           MR. SHEAR:  So as I started at the
11   outset of the hearing noting that on the one
12   hand we have iCeutica and Iroko, branded drug
13   companies, who are in the business of making new
14   products, and on the other hand we have a
15   generic drug company making generic versions of
16   those products.
17           We have a directly competitive
18   issue.  This is not a non-practicing entity
19   case.  This is not one of those situations where
20   the parties are collaborating in a completely
21   different field.  This is a situation where the
22   parties are in direct competition now and will
23   be for the foreseeable future.
24           So my client has a direct, very

21

1  immediate concern about generally producing all
2  of its confidential highly proprietary business
3  documents over to the other side without some
4  measure of protection.  Now, the parties
5  universally agree that a protective order is
6  appropriate here and the parties universally
7  agree that inhouse counsel should have access
8  under the protective order.
9         Obviously, where the dispute is,
10 is whether someone who is not an attorney should
11 have access to those same materials, and that's
12 where we drew the line.
13        THE COURT:  Well, your position
14 would not be to oppose access by inhouse counsel
15 even if that inhouse counsel was located
16 overseas or in India if that person had an
17 "inhouse designation," correct?
18        MR. SHEAR:  Well, first, that is a
19 licensed attorney and I think that presents a
20 totally different situation and one that we
21 think would be in a different strategic footing.
22        THE COURT:  How is that different
23 from a corporate representative who is bound and
24 subject to the jurisdiction of this Court in the

22

1  event sanctions needed to be imposed as well as
2  the fact that the party itself is here on
3  subject to jurisdiction and potential sanctions
4  from the Court if certain confidential
5  information is misused in violation of the
6  protective order?
7         I need to see what the nexus is,
8  why inhouse is permissible, but someone who
9  perhaps functions, so to speak, as inhouse
10 counsel doesn't have that attorney license is
11 any different?
12        MR. SHEAR:  Sure.  The difference
13 is found in the essence of the licensure
14 requirement that you just referenced.  An
15 attorney, whether that attorney is licensed here
16 or somewhere else, is subject to an entire set
17 of rules separate and apart from just submitting
18 to the Court's jurisdiction of obligations of
19 ethical conduct, obligations of duties to the
20 Court, et cetera, et cetera.
21        An inhouse person who is not an
22 attorney and just rather a business person isn't
23 subject to those same standards.  So in an
24 effort to sort of ameliorate the situation and

23

1  put things on balance, we had proposed seven
2  conditions that we thought would put this
3  inhouse person under the same sort of duties of
4  ethics and candor and all of those things that a
5  licensed attorney would be.
6         And if you look at the seven
7  things that are listed, No. 1 is they would have
8  to agree to be bound by the Delaware Rules on
9  professional conduct.  We would like this person
10 put into the same spot that inhouse counsel
11 would find themselves.  Now, all of this is
12 complicated by the fact that this person is not
13 in the U.S.  That makes things much more
14 difficult so we have added additional conditions
15 that we have placed on in an effort to
16 compromise and resolve this without having to go
17 before Your Honor to do that.
18        But what we are trying to
19 basically seek is some measure of protection for
20 our clients' interest for our confidential
21 information, the same measure of protection that
22 they are going to enjoy by the fact that all of
23 the people that we want on the protective order
24 are licensed attorneys.

24

1         And I should note that it isn't
2  uncommon for a business person or scientist to
3  have access to materials under a protective
4  order.  But that's when you have a two-tier
5  system, and there's a second tier where things,
6  although still confidential but not of the same
7  nature of the other materials, and in that
8  situation those business people may have access
9  to certain limited subset information.  But that
10 is not what Lupin seeks.
11        Lupin seeks to have this
12 nonattorney have the same rights and access to
13 one that inhouse counsel might have.
14        THE COURT:  Do you have any reason
15 to believe that this representative designated
16 by Lupin is involved in any competitive
17 decision-making?
18        MR. SHEAR:  The answer is, Your
19 Honor, that I'm not sure.  The Declaration that
20 they submitted in support of their position is
21 sore of scant when it comes to the details.  But
22 what Ms. Naidu does say is that she communicates
23 with other groups about those litigations, she
24 communicates with management and other groups

25

1  generally and provide updates about the
2  litigation to management.  So obviously, she
3  will be updating people that are certainly
4  involved in competitive decisions.  Whether she
5  herself is involved in those decisions, I'm not
6  sure because I don't fully appreciate the nature
7  of what her business responsibilities are.
8        And that I think, Your Honor,
9  dovetails back to why we want this to be an
10 inhouse counsel position.  We all recognize that
11 there are certain inhouse counsel that may be
12 involved with business people involved in
13 competitive decision circumstances, but because
14 of the licensure requirements, because of the
15 ethical obligations they have as attorneys, they
16 are limited and they know what they can and
17 cannot share with the business people in their
18 organization with whom they might share
19 information or who may be making those
20 competitive decisions.
21       THE COURT:  Would you have a level
22 of comfort if you believed that Ms. Naidu not
23 being bound by those ethical obligations, what
24 if -- again, what if the Court would subject her

26

1  to the jurisdiction of this Court, require
2  Lupin's counsel to so inform Ms. Naidu of what
3  the ethical obligations would be if she had an
4  attorney license?
5        Would those protections -- it
6  sounds to me that your concern is about the
7  ethical obligations that inhouse counsel are
8  bound by because of their license.  If Ms. Naidu
9  was advised of these obligations and bound to
10 conduct herself as if she were licensed under
11 these obligations, would that create any
12 difference?  Would you have any problem with her
13 reviewing the documents?
14       MR. SHEAR:  I guess there are two
15 issues.  The answer to the first question, Your
16 Honor, that would start us down the road that
17 something we can certainly agree to.  That was
18 one of the first conditions we proposed, that
19 she would be bound by the professional rules of
20 conduct, which I think is in essence what Your
21 Honor just suggested, that perhaps coming
22 through Lupin's counsel as opposed to her
23 independent review of the Rules.  Either way
24 that she becomes aware, it's fine with us.

27

1        The second concern that we have is
2  our document production and certainly a subset
3  of very sensitive information leaving the
4  country and being sent to India wholesale to be
5  reviewed by Lupin's inhouse business person.  So
6  those two concerns -- because you began by
7  asking the question at the outset would it be
8  different if it was inhouse counsel and I
9  responded by saying it might be, not the
10 circumstances --
11       THE COURT:  Well, is that a real
12 concern?  We just spent some time in the issue
13 before me talking about going to Australia for
14 depositions with inventors who are no longer
15 employed by the company.  Is that not going to
16 be a concern about taking sensitive information
17 out of the country for purposes of direct and/or
18 cross-examination for those inventors?
19       Where do we draw the line as to
20 carving out when information can leave the
21 country or not?
22       MR. SHEAR:  The key distinction,
23 Your Honor, the circumstance you just referenced
24 to, it would be our confidential information

28

1  taken to Australia to share with our employees.
2  The situation we're concerned about is our
3  confidential information given to a direct
4  competitor overseas.
5        At the end, Your Honor, the
6  concern and I think the heart of this is if a
7  disclosure takes place, that is, a breach of the
8  protective order, whether inadvertent or not,
9  how it happens doesn't matter, we have almost no
10 recourse in India to kind of sort of put the cow
11 back in the barn, so to speak.  And that's
12 really what we're worried about at the end of
13 the day.
14       We don't have any problem with
15 Lupin's counsel or outside counsel advising
16 their client and talking to their client about
17 confidential information, keeping her fully
18 apprised of what's happening in the lawsuit.
19 And I have been down this road before with Lupin
20 in other cases with the very same situation.  We
21 don't have any problem with all of that
22 information.
23       What we are trying to avoid is our
24 confidential information to wholesale shipped to

29

1  India and reviewed by someone in India, so
2  that's why and how we crafted the seven things
3  we were hoping to try and balance the situation.
4        THE COURT:  All right.  And guide
5  me -- specifically as you see I have read the
6  protective order and flagged it and --
7        MR. SHEAR:  So the protective
8  order as it stands in front of you right now,
9  Your Honor, is where the parties ended up --
10  it's limited strictly to inhouse counsel.  The
11  seven provisions that I keep referencing --
12        THE COURT:  I thought it was
13  Paragraph 5.
14        MR. SHEAR:  It's actually Exhibit
15  B, Your Honor.  They are laid out in the
16  correspondence between the parties.  This is
17  what we sent to Lupin asking if you agree to
18  these conditions, we will agree to let Ms. Naidu
19  in the protective order.  Your Honor, it's my
20  understanding this whole issue that Lupin raised
21  with those conditions was the advanced
22  notification provision which is Item No. 5, that
23  the documents will leave the U.S. without prior
24  consent.

30

1        And let me explain, the concern
2  that Lupin raised was the fact that would
3  require them to share their work product with
4  us, and I completely understand it and
5  appreciate it.  I don't think that's what that
6  paragraph is aimed at.  The way that this is
7  operated and practiced when we used this before
8  is this is really aimed at briefs and
9  depositions and the kinds of things that are
10  going to the Court, and then a request comes in
11  and says, okay, I see you attached Exhibit C and
12  D which is marked as confidential, and we sent
13  those.  And nine times out of ten, it's not a
14  problem depending on what they are.  Usually,
15  it's not an issue.  In fact, in the last case I
16  dealt with this, I can't think of a single
17  instance where we said to Lupin that they
18  weren't allowed to share the materials under
19  that protective order under these conditions.
20        THE COURT:  Thank you.  Let me
21  hear from Lupin.
22        MS. LEA:  Well, Your Honor,
23  counsel is right, the standard is the same
24  whether it's an inhouse counsel or a nonattorney

31

1  employee, and the standard is whether they are
2  involved in competitive decision-making.  Here
3  the Plaintiff has the burden to show that a
4  protective order should be entered prohibiting
5  information to share with Ms. Naidu, and they
6  have not met that burden.  They have not shown
7  any evidence that she is involved in competitive
8  decision-making.
9        She has submitted a Declaration
10  explaining her tasks.  None of which involve
11  competitive decision-making.  And certainly,
12  having regular contact with other people, other
13  employees in the company, even executives who do
14  competitive decision-making is not enough to say
15  that the attorney or the nonattorney is involved
16  in competitive decision-making.  If that were
17  true, then all of the inhouse counsel would be
18  involved in competitive decision-making.  And
19  the agreed-upon protective order actually says
20  that, no, none of the inhouse or none of the
21  representatives can be involved in competitive
22  decision-making.
23        And, Your Honor, I do want to address
24  that there are actual adequate safeguards

32

1  already in the protective order.  During the
2  action and 10 months after, none of the inhouse
3  counsel or the representatives can participate
4  in prosecuting patent claims relating to
5  Zorvolex or the generic or even formulations
6  involving Diclofenac acid.  They cannot
7  participate in submissions to the FDA or the
8  U.S. Pharmacopeia and they cannot participate in
9  business decision-making with respect to
10  Zorvolex or generic Diclofenac.  They're all
11  required to institute a written acknowledgement
12  and will submit to the personal jurisdiction of
13  the Court.
14        And, Your Honor, we know that
15  Judge Robinson has stated on the record that it
16  is this Court's practice to allow at least one
17  employee from the company to have access to
18  confidential information, and that is in the
19  Autozone case, and I do have a copy of that
20  transcript if Your Honor would like it.  And the
21  simple fact of the matter is that Lupin Limited
22  does not have an IP inhouse counsel.  That job
23  is of Ms. Naidu.  I speak with her on a daily
24  basis or communicate with her on a daily basis,

33

1  either by email or by phone.
2       She reviews every single filing
3  that is submitted to the Court.  And if she did
4  not have access to confidential information, it
5  would impede her ability to manage outside
6  counsel and for her ability to advise the
7  executives on the litigation.  We have a
8  situation where already the Plaintiffs are
9  overdesignating.  They designated their entire
10 interrogatory response which had no substantive
11 information and no confidential information as
12 highly confidential, so we are in a situation
13 that we have to go back and ask them to
14 redesignate.
15      They designated their entire
16 infringement claim charts as highly
17 confidential.  And I said is this because of our
18 information.  And they said, no, we are citing
19 to our own confidential information.  So we had
20 to wait for a redacted copy of the infringement
21 claim charts before I could even send it to
22 Lupin's representative Ms. Naidu.
23      THE COURT:  Why don't we address
24 some of the protections that might address both

34

1  parties' concerns.  I think what I'm hearing is
2  you want to be sure your representative can have
3  access to the confidential information.  Are you
4  willing to have her informed by inhouse counsel
5  as to what the professional rules of conduct
6  ethically require that she observe as if she
7  were inhouse counsel?  Is that an issue?
8       I'm trying to get to what number
9  of these seven conditions suggested by
10 Plaintiffs would be just opposed by the
11 Defendants.  And I think maybe it just does
12 involve really No. 5.  Unless you tell me
13 otherwise, I can't fathom a situation in which a
14 Defendant would object to someone being bound by
15 a professional code of conduct, someone being
16 bound by ethics and someone submitting to
17 jurisdiction to this Court of enforcement of
18 those types of conditions.
19      So how do we work around
20 Plaintiffs' concern about documents leaving the
21 United States?
22      MS. LEA:  So we do have no
23 objection to Conditions 1 and 2.  Three and
24 four, those are contract terms, irreparable

35

1  harm, jointly and severally liable.  And if we
2  want to turn it into a contract, we all can
3  agree to be bound by that contract.  But
4  Plaintiffs themselves said in Paragraph 21 which
5  says this is not a contract.  And then Condition
6  5, we see that as two issues with that, number
7  one, it's unworkable.  Ms. Naidu is in India so
8  she's not going to be in our office to see the
9  confidential information our office.
10      We also see it as infringing upon
11 our work product and attorney-client
12 communication, so to the extent every time we
13 communicate a piece of confidential information
14 to Ms. Naidu, we have to first disclose to
15 Plaintiff that we intend to do so and get their
16 permission to do so, and that goes for 5, 6 and
17 7.
18      THE COURT:  How about, and maybe I
19 should ask this to Mr. Shear.  How about a
20 situation where -- well, I'm not sure if it will
21 work.  If you're saying the Plaintiffs are
22 overdesignating confidential materials, I was
23 wondering rather than Lupin advising of every
24 piece of information that leaves the United

36

1  States, Plaintiffs indicating which documents
2  under which circumstances should not leave the
3  United States rather than making a blanket
4  prohibition and just having the Court address
5  them if the parties can't agree?
6       MS. LEA:  That might be more
7  helpful.  I'm still not sure how I see the
8  difference here between Ms. Naidu as an IP
9  manager than an attorney.  That's not how the
10 cases deal with this issue.  It all comes down
11 to whether the nonattorney representative is
12 involved in competitive decision-making and
13 she's not.  She's managing the litigation and
14 reporting on it.
15      And as a practical matter, of
16 course we do not plan to ship all of their
17 documents to India.  I don't believe that any
18 inhouse representative is sitting around
19 reviewing documents.  What we plan to do is send
20 the infringement claimant charts they sent us
21 where they cite to their confidential
22 information.  We plan to send that to Ms. Naidu
23 so that she can advise us on the infringement
24 contentions that are at issue in the case.

37

1    And in any briefing that might
2 have a quote or something else from their
3 confidential information, that's what we intend
4 to share with Ms. Naidu. And I will say, Your
5 Honor, we did cite to one protective order where
6 Ms. Naidu has previously been granted
7 attorney-level access and there hasn't been any
8 issues in that case. I'm not sure what the
9 Plaintiffs are referring to when they say they
10 have dealt with Lupin on protective order
11 issues. I'm not aware of those. They didn't
12 disclose those during any kind of meet-and-
13 confer.
14    But I have to come back to the
15 point that IP management is not competitive
16 decision-making. That is in the case law that
17 we've cited, and they simply have not met the
18 burden to question her role in the litigation,
19 her ability to adhere to the protective order,
20 and they haven't made a showing about any
21 confidential information. Their product is
22 public. We have already released our generic
23 product.
24    I'm not sure what they're

39

1 importantly, the exact kind of thing that
2 counsel just was talking about with respect to
3 the types of materials they want to share with
4 Ms. Naidu is exactly the kind of thing that I
5 said at the outset, the kind of thing that we
6 would be willing to agree to on a case-by-case
7 basis, which is what Condition No. 5 is really
8 aimed at.
9    I don't think at the end of the
10 day that we will have a concern with Ms. Naidu
11 reading our infringement contentions, validity
12 contentions, the kinds of things she really
13 needs to review to work with counsel. And
14 notably, we don't have a problem with counsel
15 talking about all of these things. So --
16    THE COURT: But isn't that an
17 intrusion on counsel's ability to conduct the
18 litigation if they basically have to check in
19 with you, the opposing side, every time they
20 want to have a communication with the client
21 representative about a confidential document?
22 Would you want them knowing every time you're
23 having an inhouse conference with your inhouse
24 people?

38

1 concerned about, about their historical
2 development documents or their historical
3 development information. They haven't made any
4 type of showing or even tried to.
5    THE COURT: Thank you. Anything
6 further in rebuttal, Mr. Shear?
7    MR. SHEAR: Just briefly, Your
8 Honor, a couple of quick points. Counsel noted
9 all these other cases that talk about
10 competitive decision-making, however, with the
11 exception of maybe one that counsel cited, they
12 are all talking about counsel, not business
13 people. As to the overdesignation, there have
14 been two things that have been designated so
15 far.
16    One we designated highly
17 confidential because it contains Lupin's highly
18 confidential information as well as ours. The
19 other one is an oversight which we've
20 corrected. They brought it to our attention
21 Friday night and we fixed the problem Sunday
22 morning. So I don't think there's really much
23 of an issue there.
24    And then lastly and sort of

40

1    MR. SHEAR: Of course, we agree
2 with that. But with respect, I don't think
3 that's what we are trying to achieve. I don't
4 think that we're trying to achieve a situation
5 where Ms. Lea isn't free to discuss with her
6 client anything she wants to discuss. She of
7 course is. It's the providing of our materials
8 outside of the U.S. that causes us concern, and
9 it's just really that in a nutshell.
10    THE COURT: Anything further on
11 this point?
12    MR. SHEAR: No, Your Honor. Do
13 you want me to move to the IPR?
14    THE COURT: I tend to rule on
15 these issues one at a time. So having heard the
16 arguments of counsel and having reviewed the
17 authorities that give some guidance on this
18 point, a primary consideration and this is from
19 the U.S. Steel Corp. case, a primary
20 consideration whether to permit inhouse legal
21 representatives to have access to opposing
22 party's confidential information is whether that
23 representative is involved in competitive
24 decision-making, and that involves a degree into

41

1  the factual circumstances surrounding each
2  individual counsel's activities, association,
3  relationship with a party which must govern any
4  concern for inadvertent or accidental
5  disclosure.
6       And I can understand Plaintiffs'
7  concerns that once inadvertent or accidental
8  disclosure gets out of the box, so to speak,
9  it's hard to stuff it back into that box or
10  cower the horse back into the barn, to use
11  counsel's analogy.  I do understand the concerns
12  about not having that occurrence happen.  On the
13  other hand, in terms of something this
14  restrictive, the Plaintiff does really bear the
15  burden of having these restrictions set in a
16  protective order.
17       And I think the seven conditions
18  that I've read in Exhibit B to the submission of
19  Plaintiffs are overly restrictive in a sense in
20  which they would impede Defense counsel's
21  ability to litigate the case and go forward with
22  their litigation strategy and have conversations
23  with a corporate representative in a fashion and
24  in a way that they would be meaningful to

42

1  preparing the defense.
2       So with that, I am going to allow
3  Ms. Naidu to have access pursuant to the
4  protective order.  I will include the condition
5  that she subject herself to this Court's
6  jurisdiction, that she agree to all of the
7  confidential obligations that she is required to
8  adhere to if she is going to have access to that
9  information.
10      I will also include, if not
11  already included by the formal representations,
12  that she will sign onto to protect confidential
13  information, just to make it clear, that she is
14  bound by Conditions 1 and 2 of the Plaintiffs'
15  proposals in Exhibit B of that submission.  And
16  that is, that she agree to be bound by Delaware
17  lawyers rules of professional conduct and that
18  she agrees to submit to the jurisdiction of the
19  Court's enforcement of the protective order.
20      So having said that, if there is a
21  concern somewhere down the line during the
22  course of the litigation that an inadvertent
23  disclosure is more likely than not to happen
24  because of the discovery exchanges or if there

43

1  is a particular document or collection of
2  documents or collection of materials in
3  discovery that Plaintiffs have particular
4  concerns about leaving the country, the Court is
5  certainly open to hearing any discrete and
6  specific instances so that I can weigh in as
7  necessary or as appropriate before the odds are
8  stacked that make it more likely than not that
9  an inadvertent or unexpected disclosure of
10  information will occur.
11      But I think that we live in a
12  global world.  We have litigation of two parties
13  that have connections outside of the United
14  States, and there is a need on both sides to
15  have information go out of the United States.
16  But nonetheless, there are very distinct and
17  specific concerns about keeping such information
18  confidential.  And I think and expect that the
19  parties will see that as paramount, that
20  information designated confidential stay
21  confidential and that the risks are minimized to
22  avoid any inadvertent disclosures whatsoever.
23      Like I said, if there are
24  particular concerns that come up during the

44

1  course of the exchange of information between
2  the parties, I will try to address those before
3  there is an issue with the cat out of the bag,
4  so to speak, and we will have to do something to
5  address that situation which is more difficult
6  than not getting it out of the bag at all.
7      And with regard to the rulings
8  that I'm making today on these discovery issues,
9  it is my practice and I think counsel here are
10  all familiar with it, but I will repeat it just
11  in case, this transcript will serve as my
12  ruling.  I will not be issuing a written order.
13  Since we are dealing with a draft protective
14  order, once you have my rulings today, I would
15  ask the parties to meet and confer and that one
16  side or the other take the lead in getting a
17  revised protective order to my chambers so that
18  I can enter it on the docket that incorporates a
19  protective order that incorporates the rulings
20  that I'm making here today.
21      With that, we can proceed to the
22  next issue which is the issue relating to the
23  prosecution bar, and specifically, as it relates
24  to post-grant activities.

45

1    MR. SHEAR:  Thank you, Your Honor.
2  I think I'm first on that one as well.
3    THE COURT:  Okay.
4    MR. SHEAR:  So again, this is a
5  fairly focused issue.  The parties obviously
6  agree to a protective order.  They agree that a
7  prosecution bar is appropriate.  Where we
8  disagree is the scope of that prosecution bar,
9  and specifically, whether or not someone who has
10  access to materials under the protective order
11  should also be allowed to participate in
12  post-grant.
13    THE COURT:  Let me give you a
14  little guidance here because I have thought a
15  lot about this issue in advance of our hearing
16  today, and I have read both Kenexa and Versata,
17  and admittedly there's contention between the
18  two.  And these issues have to be addressed fact
19  specific on a case-by-case basis.
20    So tell me what about the
21  prosecution bar to put it in the Kenexa camp or
22  Versata camp, where are we from Plaintiffs'
23  perspective on the conflict of the two
24  decisions?

46

1    MR. SHEAR:  I think they are
2  actually more in line than what we may think.
3  So on balance, the focus of this issue is on the
4  one hand we want to be in a position where we
5  wouldn't be forced to potentially inadvertently
6  take inconsistent positions in both places which
7  is what Versata is addressing and to a lesser
8  extent but also what Kenexa is addressing.  The
9  balance against Lupin's concern is that we
10  cannot use any of their confidential information
11  in front of the Patent Office.
12    Now, the post-grant procedure as
13  it exists today, it wasn't always this way, but
14  as it exists today you can't broaden the
15  claims.  It's incredibly difficult to amend
16  them, so the likelihood that an inadvertent use
17  of confidential information is very, very small.
18  But I think that if you look at the Versata
19  decision and you want to try to square Versata
20  with Kenexa, Versata is aimed at balance that I
21  just talked about between one side's desire not
22  to take inconsistent positions and the other
23  side's desire that their information not be
24  used.

47

1    And in that case because of the
2  balance issue, specifically the source code, was
3  a very easy line to draw.  Because on a typical
4  litigation team, the source code is so dense and
5  not everyone uses or even looks at the source
6  code.  It's too much, so it was easy to identify
7  a couple of attorneys.  They could operate both
8  points.
9    THE COURT:  How do you address on
10  that point Lupin's argument that Lupin's
11  formulation is analogous to source code
12  material?
13    MR. SHEAR:  Sure, and I think it's
14  a fair statement, but I think the key difference
15  is that we're trying to meet and give them the
16  same protection Versata gave the Defendant in
17  that case by saying that the litigation counsel
18  will play no part whatsoever in amending or
19  drafting of any claims.  So to the extent the
20  claims are going to change at all, litigation
21  counsel will not play any part in that.
22    Instead, while we might help
23  patent prosec -- to the extent by the way, this
24  is all hypothetical.  There hasn't been an IPR

48

1  filed --
2    THE COURT:  I was going to ask
3  that question, but --
4    MR. SHEAR:  I should have led with
5  that.
6    THE COURT:  -- thank you.
7    MR. SHEAR:  But to the extent that
8  an IPR was ever instituted, what litigation
9  counsel might discuss with prosecution
10  counsel -- I'm not even sure it's fair to call
11  them prosecution counsel based on the way recent
12  decisions have described it as an adjudicatory
13  proceeding as opposed to true prosecution, but
14  to the extent that we would have those
15  conversations, we might talk about positions to
16  take vis-à-vis the publicly available prior art,
17  those kinds of things.
18    But what we wouldn't do is be
19  involved in any way in the changing of claim
20  scope.  The claims from our perspective will be
21  as they are today, and that will give them the
22  same measure of protection of Versata, because
23  that's really what Versata was aimed at.  They
24  didn't want litigators changing the scope of the

49

1    claims.  And we would agree not to change the
2    scope of the claims after having access to their
3    confidential information.
4            THE COURT:  All right.  Let me
5    hear from Lupin.
6            MS. LEA:  So the prosecution bar
7    in Versata was not limited to claim amendments.
8    It was a complete prosecution bar for any type
9    of post-grant proceeding including
10   re-examination and IPR.  And the way I would
11   distinguish Versata and Kenexa, Your Honor, is
12   the difference in time.  There's somewhat of a
13   trend in this District for the more complete
14   prosecution bar, and that started occurring
15   after the Federal Circuit issued its decision in
16   May 2010, In re Deutsche.
17           There the Federal Circuit put the
18   burden on the parties seeking the exemption.
19   The burden is on the Plaintiff here to show that
20   their representation before the Patent Office is
21   not likely to implicate competitive
22   decision-making.  I think what he stood here and
23   said what they want to be able to do is exactly
24   that, competitive decision-making.

50

1            They want to be able to structure
2    their validity argument in a way that will not
3    harm their infringement argument in the District
4    Court.  And this is a situation, Your Honor,
5    where the ANDA formulation for Lupin is
6    different than the Zorvolex formulation that
7    Plaintiffs have.  If their prosecutors were to
8    know that formula, that could affect their
9    arguments in the Patent Office, even in
10   post-grant proceedings.
11           THE COURT:  I'm sorry.  I'm
12   looking at Versata.  It says parties seeking to
13   include a protective order, a provision
14   affecting a prosecution bar has the burden of
15   showing good cause for its inclusion.  That's
16   from the Deutsche Bank case.  I'm sorry.  I'm
17   not following your argument on burden.
18           MS. LEA:  Right.  So the party
19   seeking a prosecution bar has the burden to show
20   good cause, but the parties here have an
21   agreed-upon prosecution bar so that burden has
22   been satisfied.  Now, if a party wants an
23   exemption, they want to carve some prosecution,
24   like re-examination or IPR, then it's their

51

1    burden to show that exemption.  And that's what
2    In re Deutsche said.
3            Also, Inventor Holdings out of
4    this District in 2014 says the same thing.  In
5    that case, this Court did not do a carve-out.
6    They said, no, a prosecution bar is going to
7    include re-exam and IPR just like in Versata.
8    And, Your Honor, I did want to make one
9    correction.  There's somewhat of a misstatement
10   in Plaintiffs' letter that we did not catch.
11   And I would just like to point it out.
12           They cited to two sample
13   protective orders from other districts that they
14   say include a limited prosecution bar that
15   carves out re-exam and IPR, and that's not
16   correct.  The Northern District of California
17   order, that's Exhibit E.  That one --
18           THE COURT:  Hang on.  Let me take
19   a look at it.  Okay.
20           MS. LEA:  Exhibit E, Paragraph 8.
21           THE COURT:  I have it.
22           MS. LEA:  So we have a prosecution
23   bar set forth in Paragraph 8.  It includes a
24   complete prosecution bar.  And then it says, and

52

1    I'm at Line 9, to avoid any doubt prosecution as
2    used in this paragraph does not include
3    representing a party challenging a patent before
4    a domestic or foreign agency, including but not
5    limited to a reissue protest, ex parte
6    re-examination or inter partes re-examination.
7    So it's only the party that's challenging the
8    patent that may participate.
9            THE COURT:  Okay.
10           MS. LEA:  Again, Your Honor, I
11   come back to Versata and that our formulation as
12   they admit is like the source code.  It's the
13   big secret here that their clients do not know.
14   And that if their prosecutors were to know,
15   could affect their prosecution including their
16   post-grant strategy.  And that is taken, Your
17   Honor, from the Patent Case Management Judicial
18   Guide.
19           And I will say since this lawsuit
20   has started, they have had two patents issued
21   that they have added to the lawsuit they are
22   continuing to actively prosecute.  They have
23   four more applications they received a Notice of
24   Allowance on.

53

1    THE COURT:  All right.  Mr. Shear?
2    MR. SHEAR:  Just two brief points,
3  Your Honor.  First of all, yes, we have more
4  patents coming out.  That's prosecution.  We are
5  not talking about prosecution bars here.
6    THE COURT:  Post-grant review.
7    MR. SHEAR:  Correct.  Now, counsel
8  referenced the In re Deutsche Bank case.
9  Specifically, I will read the quote from the
10  case.  The quote is, strategically amending or
11  surrendering the claim scope during prosecution
12  to constitute competitive decision-making.  And
13  that's exactly what we're saying we will not do
14  here.  We won't be involved in change of claim
15  scope in any way, shape or form and that is
16  written in the protective order as it stands.
17    So I disagree with counsel's
18  characterization that this is about timing and
19  scope.  At the end of the day, it does come down
20  to competitive decision-making as it affects the
21  claim scope, and that is what we are saying we
22  will not be involved in.  Thank you.
23    THE COURT:  All right.  The
24  parties have agreed to a prosecution bar in this

54

1  case.  The issue is whether to include
2  Plaintiffs' proposal which is set forth at
3  various portions of the draft protective order.
4  But to generalize, Plaintiffs' proposal includes
5  a carve-out from the prosecution bar which would
6  not preclude outside counsel from participating
7  in post-grant review types of proceedings to
8  challenge or defend the validity of any patent,
9  but outside counsel may not participate in the
10  drafting or amending patent claims in any such
11  proceedings.
12    I've spent some time reviewing
13  Judge Robinson's opinions, both in the Kenexa
14  case and in the Versata case and recognized that
15  these decisions have to be made on a
16  case-by-case basis.  There's no general blanket
17  rule that can be applied other than the
18  standards and putting in place protections which
19  would, as Judge Robinson said in Kenexa,
20  protections such that no party should use
21  confidential information to obtain additional
22  rights for itself, but they should be able to
23  use it to divest each other of their respective
24  rights.

55

1    And as she noted in the Kenexa
2  case, the scope of claims cannot be enlarged by
3  amendment in a re-examination because the
4  re-examination involves only the patent and
5  prior art, Defendant's confidential information
6  is basically irrelevant to the re-examination.
7  I realize that in Versata that she reached a
8  different conclusion and was more restrictive
9  about a patent prosecution bar which prohibited
10  any attorney, consultant, witness or other
11  person who used highly confidential source
12  code.  It was source code in the Versata case at
13  issue.  She precluded those individuals from
14  participating in any patent application,
15  prosecution or any post-grant review proceeding
16  for the particular technology field at issue
17  in the patents-in-suit, and further prohibited
18  them from consulting with the attorneys or
19  experts participating in any such prosecution or
20  post-grant proceeding.
21    In this instance, I'm going to
22  allow the Plaintiffs to include the carve-out
23  language that they have suggested.  Having
24  reviewed both decisions and considered the

56

1  arguments in this case and the fact that
2  presently there are not any post-grant review
3  proceedings taking place, not that that would
4  alter the outcome in and of itself if there
5  were, but I'm not convinced that in this
6  instance the level of protection or concerns
7  raised by Lupin rise to the level of those
8  concerns in Versata with regard to use of source
9  code in an inappropriate way that might
10  implicate competitive decision-making.
11    So I'm going to, as I said, permit
12  the language proposed in Plaintiffs' version of
13  the protective order.  There are several
14  instances where that language was inserted.  I'm
15  not sure if I marked all of them.  Just for
16  purposes of the record, the ones that I've
17  flagged are at Page 7 and 8 and 10 and maybe
18  elsewhere throughout the protective order, but
19  those are the ones I've caught.
20    If there are any other locations
21  where that language needs to be revised or
22  incorporated in the protective order, then I
23  will expect, again, that the parties will get
24  together and one side or the other will send to

57

1  my chambers a revised protective order
2  consistent with the rulings that I've made.
3          In the event that there are
4  certain post-grant review proceedings initiated
5  and there is a concern by the Defendants about
6  access and use of confidential information in
7  those proceedings, again, these rulings are
8  without prejudice for the Defendants to bring to
9  the attention of the Court anything preemptively
10 that I can address before the cat is out of the
11 bag, so to speak.  I hate to use that analogy,
12 but this is a safe way of putting it.  And I
13 will consider specific and discrete instances at
14 that time and address them.
15          But viewing these things in
16 general, I try to make decisions that afford the
17 protections that the parties are seeking while
18 not tying the hands of either side, retained
19 counsel or inhouse counsel or the parties
20 themselves from pursuing certain litigation
21 strategy, developing litigation strategy and
22 going forward using the materials that are
23 produced in discovery in a manner consistent
24 with their objective in the litigation.

58

1          So I try and balance all of those
2  things in making these rulings so there is a
3  sense of fairness and predictability, and also
4  so the parties are aware that the Court share
5  the concern and recognize the concerns about
6  protecting confidential information but also
7  protecting each party's rights to litigate as
8  they feel is appropriate and consistent with the
9  objectives of each party.
10         So having said that, as all of you
11 know these are nondispositive rulings.  So under
12 Rule 72, should either side object to any of the
13 rulings today, you can take it up with the
14 District Judge.  The District Judge in this case
15 can consider timely objections and modify or set
16 aside any part of the order that is clearly
17 erroneous or contrary to law.
18         And again, this transcript will
19 serve as the order.  I will not be issuing a
20 written order on either of these issues relative
21 to the discovery order.  We will set a time in
22 August for hearing any additional discovery
23 disputes along the lines of what we discussed
24 today about depositions outside of the United

59

1  States with the inventors or inside the United
2  States with the inventors, and with regard to
3  the sufficiency of responses to the Defendant's
4  interrogatories that were served on the
5  Plaintiff as well as any other issues that might
6  crop up in the interim.
7          I have a date that I can give the
8  parties, August 13th.  And since I am the
9  Criminal Duty Judge on that date, we would have
10 to start the hearing after 3:30 p.m.  So I guess
11 tentatively I will set it for 3:30 on August
12 13th.  And if, for example, my criminal calendar
13 might run over that timeline, you might have to
14 wait a bit.  But usually, the criminal calendar
15 is concluded by 3:00 so I'm comfortable with
16 setting a time at 3:30.
17         I'm happy to do it in person if
18 that's what the parties wish.  If it's more
19 convenient if the parties wish and agree to
20 proceed by teleconference, we can do it by
21 teleconference.  I have no strong preference and
22 I leave it to both sides on how to conduct that
23 hearing, in person or by phone.  So get back to
24 my courtroom deputy Larisha Hicks on that,

60

1  confirm the date and confirm when you want to
2  start.
3          And then as the date approaches,
4  submit your letter briefs as you did in this
5  instance, limited to four pages, addressing the
6  discovery issues.  If there are going to be more
7  than the two issues we've talked about, that is,
8  the depositions and the sufficiency of
9  Plaintiffs' responses to Defendants'
10 interrogatories, please alert my courtroom
11 deputy Larisha Hicks to that fact as well.
12         Going into these hearings, I like
13 to know how much time to set aside for them, and
14 also, I like to know in advance just how many
15 submissions I'm going to be getting from each
16 side.  If both sides are responding to the other
17 side, if the other party needs multiple
18 submissions and if there is a way to streamline
19 that, giving extra pages will reduce the number
20 of submissions.
21         But for right now, just proceed
22 with the briefing guidelines that are posted on
23 the website.  And if the necessity of the number
24 of motions compel the parties to want to seek to

61

1 alter that or seek a different briefing
2 schedule, then just make sure you make my
3 chambers aware of that in plenty of time for me
4 to take a look at it and give you some guidance
5 on how you draft your submissions.
6         With that, is there anything
7 further from the Plaintiffs today?
8         MR. SHEAR:  No, Your Honor.
9         THE COURT:  Anything further from
10 the Defendants?
11         MS. LEA:  No, Your Honor.
12         THE COURT:  Thank you.  And again,
13 I thank the party representatives for being
14 here.  My purpose in asking for your attendance
15 in the discovery review conferences is so that
16 you are invested from the start in the discovery
17 that your counsel is engaging in so that you're
18 aware of how I view the process of fact
19 discovery and so that you know that the Court is
20 monitoring the case and seeing that the
21 discovery is proceeding in accordance so that
22 all of you get to your trial date on target and
23 so that you all of you know that you have a
24 forum to come back to if there are any disputes

62

1 or issues that will help facilitate the progress
2 of the litigation.
3         I realize you've traveled a
4 distance to be here and it's not a very long
5 hearing and you may go back and think why does
6 the Judge want me here, but I really do
7 appreciate you being here and becoming invested
8 in the process from the start.  Thank you.  We
9 are adjourned.
10         MS. LEA:  Thank you, Your Honor.
11         MR. SHEAR:  Thank you, Your Honor.
12         (The proceedings concluded at
13 11:35 a.m.)
14
15
16
17
18
19
20
21
22
23
24

63

1         C E R T I F I C A T I O N
2
3         I, Taneha Carroll, Professional
4 Court Reporter, certify that the foregoing is a
5 true and accurate transcript of the foregoing
6 proceeding.
7
8         I further certify that I am neither
9 attorney nor counsel for, nor related to nor
10 employed by any of the parties to the action in
11 which this proceeding was taken; further, that I am
12 not a relative or employee of any attorney or
13 counsel employed in this case, nor am I financially
14 interested in this action.
15
16
17     /s/Taneha Carroll
   Taneha Carroll
18   Professional Reporter and Notary Public
19
20
21
22
23
24

/s/taneha                                        attention

---

**/**

/s/taneha  (63:16)

**A**

**abbreviated**  (9:16)
**ability**  (13:4)(33:5)(33:6)(37:19)(39:17)(41:21)
**able**  (19:8)(19:18)(49:23)(50:1)(54:22)
**absolutely**  (12:15)
**access**  (8:16)(21:7)(21:11)(21:14)(24:3)(24:8)(24:12)
(32:17)(33:4)(34:3)(37:7)(40:21)(42:3)(42:8)(45:10)
(49:2)(57:6)
**accidental**  (41:4)(41:7)
**accommodate**  (19:9)
**accordance**  (61:21)
**accurate**  (63:5)
**achieve**  (40:3)(40:4)
**acid**  (32:6)
**acknowlegement**  (32:11)
**action**  (32:2)(63:9)(63:13)
**actively**  (52:22)
**activities**  (41:2)(44:24)
**actual**  (6:15)(31:24)
**actually**  (29:14)(31:19)(46:2)
**added**  (23:14)(52:21)
**additional**  (23:14)(54:21)(58:22)
**address**  (4:13)(5:6)(5:7)(6:20)(8:18)(13:16)(14:8)
(15:11)(16:17)(17:24)(19:6)(31:23)(33:23)(33:24)(36:4)
(44:2)(44:5)(47:9)(57:10)(57:14)
**addressed**  (15:10)(17:20)(45:18)
**addressing**  (4:16)(9:1)(15:4)(46:7)(46:8)(60:5)
**adequate**  (31:24)
**adhere**  (37:19)(42:8)
**adjourned**  (62:9)
**adjudicatory**  (48:12)
**admissions**  (6:23)
**admit**  (52:12)
**admittedly**  (45:17)
**advance**  (5:5)(9:22)(45:15)(60:14)
**advanced**  (29:21)
**advise**  (33:6)(36:23)
**advised**  (26:9)
**advising**  (28:15)(35:23)
**affect**  (50:8)(52:15)
**affecting**  (50:14)
**affects**  (53:20)
**afford**  (57:16)
**after**  (32:2)(49:2)(49:15)(59:10)
**afternoon**  (3:10)
**again**  (6:13)(11:22)(25:24)(45:4)(52:10)(56:23)(57:7)
(58:18)(61:12)
**against**  (46:9)
**agency**  (52:4)
**agree**  (11:9)(21:5)(21:7)(23:8)(26:17)(29:17)(29:18)
(35:3)(36:5)(39:6)(40:1)(42:6)(42:16)(45:6)(49:1)
(59:19)
**agreed**  (11:10)(11:13)(53:24)
**agreed-upon**  (31:19)(50:21)
**agreements**  (16:23)(16:24)
**agrees**  (42:18)
**ahead**  (7:7)
**aimed**  (30:6)(30:8)(39:8)(46:20)(48:23)
**alert**  (60:10)
**all**  (4:4)(6:16)(9:17)(11:2)(12:24)(13:11)(15:12)
(15:17)(16:10)(16:20)(17:19)(21:1)(23:4)(23:11)(23:22)
(25:10)(28:21)(29:4)(31:17)(32:10)(35:2)(36:10)(36:16)
(38:9)(38:12)(39:15)(42:6)(44:6)(44:10)(47:20)(47:24)
(49:4)(53:1)(53:3)(53:23)(56:15)(58:1)(58:10)(61:22)
(61:23)
**allow**  (32:16)(42:2)(55:22)
**allowance**  (52:24)
**allowed**  (30:18)(45:11)
**almost**  (16:13)(28:9)
**along**  (4:16)(58:23)

**already**  (16:7)(32:1)(33:8)(37:22)(42:11)
**also**  (2:16)(4:1)(4:17)(35:10)(42:10)(45:11)(46:8)
(51:3)(58:3)(58:6)(60:14)
**alter**  (56:4)(61:1)
**alternate**  (13:18)
**although**  (24:6)
**always**  (46:13)
**ameliorate**  (13:10)(13:15)(22:24)
**amend**  (46:15)
**amending**  (47:18)(53:10)(54:10)
**amendment**  (55:3)
**amendments**  (49:7)
**analogous**  (47:11)
**analogy**  (41:11)(57:11)

**–**

**-and-**  (2:3)

**A**

**and/or**  (27:17)
**anda**  (4:18)(15:15)(50:5)
**another**  (9:2)
**answer**  (6:10)(7:15)(24:18)(26:15)
**answered**  (6:6)(18:13)
**answers**  (18:19)
**any**  (4:13)(5:4)(5:12)(5:17)(6:15)(6:22)(8:20)(9:5)
(11:16)(11:22)(13:6)(13:19)(14:4)(15:9)(22:11)(24:14)
(24:16)(26:11)(26:12)(28:14)(28:21)(31:7)(36:17)(37:1)
(37:7)(37:12)(37:20)(38:3)(41:3)(43:5)(43:22)(46:10)
(47:19)(47:21)(48:19)(49:8)(52:1)(53:15)(54:8)(54:10)
(55:10)(55:14)(55:15)(55:19)(56:2)(56:20)(58:12)
(58:16)(58:22)(59:5)(61:24)(63:9)(63:11)
**anything**  (15:12)(38:5)(40:6)(40:10)(57:9)(61:6)(61:9)
**apart**  (22:17)
**appearances**  (1:16)(2:1)
**application**  (9:17)(55:14)
**applications**  (52:23)
**applied**  (54:17)
**applying**  (17:11)
**appreciate**  (25:6)(30:5)(62:7)
**apprised**  (28:18)
**approaches**  (60:3)
**appropriate**  (4:24)(16:5)(16:21)(21:6)(43:7)(45:7)
(58:8)
**are**  (4:20)(6:2)(6:23)(7:9)(7:11)(8:9)(8:13)(8:18)
(9:20)(10:7)(10:19)(11:2)(11:3)(11:5)(11:19)(11:21)
(12:6)(12:8)(12:12)(12:19)(12:22)(13:5)(13:9)(13:14)
(13:22)(14:16)(15:3)(15:10)(15:14)(15:17)(15:24)(16:1)
(16:9)(16:13)(16:23)(17:7)(17:9)(17:10)(17:19)(18:13)
(18:18)(19:15)(19:21)(20:13)(20:20)(20:22)(23:7)
(23:18)(23:22)(23:24)(25:3)(25:7)(25:11)(25:16)(26:7)
(26:14)(27:14)(28:23)(29:15)(30:9)(30:14)(31:1)(31:24)
(33:8)(33:12)(33:18)(34:3)(34:24)(35:21)(36:24)(37:9)
(38:12)(40:3)(41:19)(43:7)(43:16)(43:21)(43:23)(44:9)
(44:13)(45:22)(46:1)(47:20)(48:21)(52:21)(53:4)(53:21)
(56:2)(56:13)(56:17)(56:19)(56:20)(57:3)(57:7)(57:17)
(57:22)(58:4)(58:11)(60:6)(60:16)(60:22)(61:16)(61:24)
(62:9)
**argument**  (12:4)(47:10)(50:2)(50:3)(50:17)
**arguments**  (40:16)(50:9)(56:1)
**around**  (34:19)(36:18)
**art**  (48:16)(55:5)
**aside**  (58:16)(60:13)
**ask**  (17:2)(33:13)(35:19)(44:15)(48:2)
**asked**  (6:10)(7:10)(19:11)
**asking**  (27:7)(29:17)(61:14)
**aspect**  (5:14)
**assistant**  (3:17)
**associated**  (10:8)
**association**  (41:2)
**attached**  (30:11)
**attendance**  (61:14)
**attended**  (4:8)
**attention**  (38:20)(57:9)

| attorney | clear |
|---|---|

**attorney** (21:10)(21:19)(22:10)(22:15)(22:22)(23:5)
(26:4)(31:15)(36:9)(55:10)(63:8)(63:11)
**attorney-client** (35:11)
**attorney-level** (37:7)
**attorneys** (23:24)(25:15)(47:7)(55:18)
**august** (19:10)(58:22)(59:8)(59:11)
**australa** (7:13)
**australia** (7:9)(7:19)(13:13)(14:2)(17:10)(27:13)(28:1)
**australian** (7:9)
**authorities** (40:17)
**autozone** (32:19)
**available** (48:16)
**avoid** (28:23)(43:22)(52:1)
**aware** (13:7)(17:15)(26:24)(37:11)(58:4)(61:3)(61:18)

**B**

**back** (13:12)(25:9)(28:11)(33:13)(37:14)(41:9)(41:10)
(52:11)(59:23)(61:24)(62:5)
**background** (6:20)(8:22)(9:8)
**bag** (44:3)(44:6)(57:11)
**balance** (23:1)(29:3)(46:3)(46:9)(46:20)(47:2)(58:1)
**bank** (50:16)(53:8)
**bar** (8:18)(44:23)(45:7)(45:8)(45:21)(49:6)(49:8)
(49:14)(50:14)(50:19)(50:21)(51:6)(51:14)(51:23)
(51:24)(53:24)(54:5)(55:9)
**barn** (28:11)(41:10)
**bars** (53:5)
**base** (4:10)
**based** (15:1)(48:11)
**basically** (23:19)(39:18)(55:6)
**basis** (6:11)(11:23)(15:3)(16:22)(32:24)(39:7)(45:19)
(54:16)
**bear** (2:4)(41:14)
**because** (25:6)(25:13)(25:14)(26:8)(27:6)(33:17)
(38:17)(42:24)(45:14)(47:1)(47:3)(48:22)(55:3)
**becomes** (26:24)
**becoming** (62:7)
**been** (6:21)(7:19)(10:5)(11:4)(11:18)(13:2)(15:18)
(28:19)(37:6)(37:7)(38:14)(47:24)(50:22)
**before** (1:14)(9:5)(12:4)(17:24)(23:17)(27:13)(28:19)
(30:7)(33:21)(43:7)(44:2)(49:20)(52:3)(57:10)
**began** (27:6)
**begin** (9:7)
**beginning** (10:11)
**behalf** (1:19)(2:6)(3:7)
**behind** (8:23)
**being** (4:19)(14:17)(25:23)(27:4)(34:14)(34:15)(61:13)
(62:7)
**believe** (10:17)(24:15)(36:17)
**believed** (25:22)
**bench** (12:10)
**best** (19:12)
**between** (29:16)(36:8)(44:1)(45:17)(46:21)
**beyond** (15:14)
**bhatt** (2:19)(4:2)
**big** (52:13)
**bill** (4:1)
**bilson** (2:2)(3:21)(3:22)
**bit** (5:24)(6:2)(6:19)(18:19)(59:14)
**blanket** (36:3)(54:16)
**both** (4:23)(9:5)(19:6)(33:24)(43:14)(45:16)(46:6)
(47:7)(54:13)(55:24)(59:22)(60:16)
**bound** (21:23)(23:8)(25:23)(26:8)(26:9)(26:19)(34:14)
(34:16)(35:3)(42:14)(42:16)
**box** (41:8)(41:9)
**branded** (20:12)
**breach** (28:7)
**brief** (9:8)(53:2)
**briefed** (20:8)
**briefing** (20:2)(37:1)(60:22)(61:1)
**briefly** (38:7)
**briefs** (30:8)(60:4)
**bring** (7:11)(57:8)
**broaden** (46:14)

**brought** (38:20)
**burden** (31:3)(31:6)(37:18)(41:15)(49:18)(49:19)
(50:14)(50:17)(50:19)(50:21)(51:1)
**business** (20:13)(21:2)(22:22)(24:2)(24:8)(25:7)
(25:12)(25:17)(27:5)(32:9)(38:12)
**but** (4:17)(7:19)(8:9)(9:3)(11:4)(11:12)(12:5)(15:9)
(16:10)(16:23)(17:4)(19:8)(19:14)(22:8)(23:18)(24:4)
(24:6)(24:9)(24:21)(25:13)(35:3)(37:14)(39:16)(40:2)
(43:11)(43:16)(44:10)(46:8)(46:13)(46:18)(47:14)(48:3)
(48:7)(48:13)(48:18)(50:20)(52:4)(54:4)(54:9)(54:22)
(56:5)(56:18)(57:12)(57:15)(58:6)(59:14)(60:21)(62:6)

**C**

**calendar** (19:3)(19:6)(19:10)(19:16)(19:19)(59:12)
(59:14)
**california** (51:16)
**call** (12:17)(48:10)
**called** (9:10)
**calling** (11:19)
**calls** (18:7)
**came** (14:18)
**camp** (45:21)(45:22)
**can** (5:12)(5:14)(6:20)(7:21)(8:6)(8:16)(9:1)(10:13)
(13:15)(17:6)(17:9)(18:2)(19:2)(19:3)(19:11)(19:12)
(19:13)(19:23)(25:16)(26:17)(27:20)(31:21)(32:3)(34:2)
(35:2)(36:23)(41:6)(43:6)(44:18)(44:21)(54:17)(57:10)
(58:13)(58:15)(59:7)(59:20)
**candor** (23:4)
**cannot** (25:17)(32:6)(32:8)(46:10)(55:2)
**can't** (12:9)(12:16)(30:16)(34:13)(36:5)(46:14)
**carroll** (63:3)(63:16)(63:17)
**carve** (50:23)
**carve-out** (51:5)(54:5)(55:22)
**carves** (51:15)
**carving** (27:20)
**case** (4:14)(4:18)(5:1)(8:22)(9:9)(9:20)(10:1)(10:5)
(20:19)(30:15)(32:19)(36:24)(37:8)(37:16)(40:19)
(41:21)(44:11)(47:1)(47:17)(50:16)(51:5)(52:17)(53:8)
(53:10)(54:1)(54:14)(55:2)(55:12)(56:1)(58:14)(61:20)
(63:12)
**case-by-case** (11:23)(39:6)(45:19)(54:16)
**cases** (28:20)(36:10)(38:9)
**cat** (44:3)(57:10)
**catch** (51:10)
**caught** (56:19)
**cause** (50:15)(50:20)
**causes** (40:8)
**certain** (8:16)(17:22)(22:4)(24:9)(25:11)(57:4)(57:20)
**certainly** (25:3)(26:17)(27:2)(31:11)(43:5)
**certify** (63:4)(63:7)
**cetera** (22:20)
**chad** (1:18)(3:8)(5:11)
**challenge** (54:8)
**challenging** (52:3)(52:7)
**chambers** (44:17)(57:1)(61:3)
**chance** (13:22)
**change** (47:20)(49:1)(53:14)
**changing** (48:19)(48:24)
**characterization** (53:18)
**charts** (33:16)(33:21)(36:20)
**check** (19:18)(39:18)
**christie** (3:24)
**christy** (2:5)
**circuit** (49:15)(49:17)
**circumstance** (27:23)
**circumstances** (11:24)(25:13)(27:10)(36:2)(41:1)
**cite** (36:21)(37:5)
**cited** (37:17)(38:11)(51:12)
**citing** (16:6)(33:18)
**claim** (33:16)(33:21)(48:19)(49:7)(53:11)(53:14)(53:21)
**claimant** (36:20)
**claims** (32:4)(46:15)(47:19)(47:20)(48:20)(49:1)(49:2)
(54:10)(55:2)
**clear** (42:13)

clearly                                         declaration

clearly  (58:16)
clerk  (19:18)
client  (20:24)(28:16)(39:20)(40:6)
clients  (3:13)(52:13)
clients'  (23:20)
code  (34:15)(47:2)(47:4)(47:6)(47:11)(52:12)(55:12)
(56:9)
cold  (6:1)
collaborating  (20:20)
colleague  (3:8)
collection  (43:1)(43:2)
come  (7:21)(7:23)(13:8)(13:24)(14:3)(37:14)(43:24)
(52:11)(53:19)(61:24)
comes  (9:24)(24:21)(30:10)(36:10)
comfort  (25:22)
comfortable  (59:15)
coming  (11:21)(12:13)(17:7)(26:21)(53:4)
comments  (17:16)
communicate  (32:24)(35:13)
communicates  (24:22)(24:24)
communication  (35:12)(39:20)
companies  (20:13)
company  (9:15)(20:15)(27:15)(31:13)(32:17)
compel  (60:24)
competition  (20:22)
competitive  (20:17)(24:16)(25:4)(25:13)(25:20)(31:2)
(31:7)(31:11)(31:14)(31:16)(31:18)(31:21)(36:12)
(37:15)(38:10)(40:23)(49:21)(49:24)(53:12)(53:20)
(56:10)
competitor  (28:4)
complete  (49:8)(49:13)(51:24)
completely  (20:20)(30:4)
complicated  (23:12)
complied  (15:18)
compromise  (23:16)
concern  (5:17)(21:1)(26:6)(27:1)(27:12)(27:16)(28:6)
(30:1)(34:20)(39:10)(40:8)(41:4)(42:21)(46:9)(57:5)
(58:5)
concerned  (6:2)(28:2)(38:1)
concerning  (8:14)
concerns  (13:16)(14:20)(15:4)(17:16)(27:6)(34:1)
(41:7)(41:11)(43:4)(43:17)(43:24)(56:6)(56:8)(58:5)
concluded  (59:15)(62:12)
conclusion  (55:8)
condition  (35:5)(39:7)(42:4)
conditions  (23:2)(23:14)(26:18)(29:18)(29:21)(30:19)
(34:9)(34:18)(34:23)(41:17)(42:14)
conduct  (22:19)(23:9)(26:10)(26:20)(34:5)(34:15)
(39:17)(42:17)(59:22)
confer  (44:15)
conference  (4:6)(4:9)(9:2)(39:23)
conferences  (61:15)
confidential  (8:16)(21:2)(22:4)(23:20)(24:6)(27:24)
(28:3)(28:17)(28:24)(30:12)(32:18)(33:4)(33:11)(33:12)
(33:17)(33:19)(34:3)(35:9)(35:13)(35:22)(36:21)(37:3)
(37:21)(38:17)(38:18)(39:21)(40:22)(42:7)(42:12)
(43:18)(43:20)(43:21)(46:10)(46:17)(49:3)(54:21)(55:5)
(55:11)(57:6)(58:6)
confirm  (60:1)
conflict  (45:23)
connections  (43:13)
consent  (29:24)
consider  (57:13)(58:15)
consideration  (40:18)(40:20)
considered  (55:24)
consistent  (57:2)(57:23)(58:8)
constitute  (53:12)
consultant  (55:10)
consulting  (55:18)
contact  (11:4)(12:19)(13:2)(31:12)
contains  (38:17)
contention  (45:17)
contentions  (5:16)(15:16)(36:24)(39:11)(39:12)
continued  (2:1)

continuing  (52:22)
contract  (34:24)(35:2)(35:3)(35:5)
contracts  (13:6)
contractual  (13:4)
contrary  (58:17)
control  (7:20)
convenient  (5:13)(59:19)
conveniently  (11:20)
conversation  (17:14)
conversations  (41:22)(48:15)
convinced  (56:5)
copy  (32:19)(33:20)
core  (5:15)
corp  (40:19)
corporate  (4:7)(8:15)(21:23)(41:23)
correct  (21:17)(51:16)(53:7)
corrected  (38:20)
correction  (51:9)
correspondence  (29:16)
could  (9:13)(33:21)(47:7)(50:8)(52:15)
counsel  (3:14)(3:16)(3:17)(3:24)(4:11)(8:11)(10:13)
(17:23)(18:2)(19:4)(19:11)(21:7)(21:14)(21:15)(22:10)
(23:10)(24:13)(25:10)(25:11)(26:2)(26:7)(26:22)(27:8)
(28:15)(29:10)(30:23)(30:24)(31:17)(32:3)(32:22)(33:6)
(34:4)(34:7)(38:8)(38:11)(38:12)(39:2)(39:13)(39:14)
(40:16)(44:9)(47:17)(47:21)(48:9)(48:10)(48:11)(53:7)
(54:6)(54:9)(57:19)(61:17)(63:8)(63:12)
counsel's  (39:17)(41:2)(41:11)(41:20)(53:17)
country  (27:4)(27:17)(27:21)(43:4)
couple  (6:4)(38:8)(47:7)
course  (6:14)(16:11)(36:16)(40:1)(40:7)(42:22)(44:1)
court  (1:1)(1:14)(3:1)(3:19)(4:4)(5:21)(6:16)(7:7)
(8:3)(8:11)(10:15)(11:12)(11:16)(11:19)(12:18)(12:24)
(13:17)(14:6)(15:12)(15:19)(16:15)(16:17)(17:13)
(17:24)(18:22)(19:17)(20:9)(21:13)(21:22)(21:24)(22:4)
(22:20)(24:14)(25:21)(25:24)(26:1)(27:11)(29:4)(29:12)
(30:10)(30:20)(32:13)(33:3)(33:23)(34:17)(35:18)(36:4)
(38:5)(39:16)(40:10)(40:14)(43:4)(45:3)(45:13)(47:9)
(48:2)(48:6)(49:4)(50:4)(50:11)(51:5)(51:18)(51:21)
(52:9)(53:1)(53:6)(53:23)(57:9)(58:4)(61:9)(61:12)
(61:19)(63:4)
courtroom  (1:11)(4:1)(59:24)(60:10)
court's  (22:18)(32:16)(42:5)(42:19)
covered  (18:16)
cow  (28:10)
cower  (41:10)
crafted  (29:2)
create  (26:11)
creating  (17:21)
criminal  (59:9)(59:12)(59:14)
crop  (59:6)
cropped  (7:3)
cross-examination  (27:18)
current  (10:23)(12:20)(13:5)
currently  (10:23)

D

daily  (32:23)(32:24)
date  (9:3)(17:6)(17:22)(19:3)(19:5)(19:9)(19:16)
(19:18)(19:23)(59:7)(59:9)(60:1)(60:3)(61:22)
dates  (15:18)
david  (2:2)(3:22)
day  (28:13)(39:10)(53:19)
deadlines  (4:20)(5:1)
deal  (36:10)
dealing  (44:13)
dealt  (30:16)(37:10)
decision  (12:5)(25:13)(46:19)(49:15)
decision-making  (24:17)(31:2)(31:8)(31:11)(31:14)
(31:16)(31:18)(31:22)(32:9)(36:12)(37:16)(38:10)
(40:24)(49:22)(49:24)(53:12)(53:20)(56:10)
decisions  (12:9)(12:12)(25:4)(25:5)(25:20)(45:24)
(48:12)(54:15)(55:24)(57:16)
declaration  (24:19)(31:9)

**defend**                                                    **experience**

defend  (54:8)
defendant  (5:14)(9:21)(34:14)(47:16)
defendants  (1:7)(2:6)(3:20)(3:23)(5:22)(6:1)(7:1)
(13:20)(34:11)(57:5)(57:8)(61:10)
defendant's  (15:15)(55:5)(59:3)
defendants'  (14:10)(60:9)
defense  (41:20)(42:1)
deficiency  (18:24)
definitive  (7:15)
degree  (40:24)
delaware  (1:2)(1:12)(10:4)(11:20)(23:8)(42:16)
dense  (47:4)
depending  (30:14)
deposition  (7:13)(7:18)(10:21)(11:11)(11:21)(13:3)
(14:4)(19:7)
depositions  (10:18)(11:7)(13:11)(13:14)(14:7)(18:3)
(18:4)(27:14)(30:9)(58:24)(60:8)
deputy  (59:24)(60:11)
derail  (5:1)
described  (48:12)
designated  (8:17)(24:15)(33:9)(33:15)(38:14)(38:16)
(43:20)
designation  (21:17)
desire  (46:21)(46:23)
details  (24:21)
deutsche  (49:16)(50:16)(51:2)(53:8)
developed  (9:9)
developing  (57:21)
development  (38:2)(38:3)
diclofenac  (32:6)(32:10)
did  (6:4)(9:24)(10:3)(33:3)(37:5)(51:5)(51:8)(51:10)
(60:4)
didn't  (37:11)(48:24)
difference  (22:12)(26:12)(36:8)(47:14)(49:12)
different  (6:12)(11:1)(20:21)(21:20)(21:21)(21:22)
(22:11)(27:8)(50:6)(55:8)(61:1)
differently  (6:2)
difficult  (14:3)(23:14)(44:5)(46:15)
diligence  (10:3)
direct  (20:22)(20:24)(27:17)(28:3)
directly  (20:17)
disagree  (16:21)(45:8)(53:17)
disclose  (35:14)(37:12)
disclosure  (28:7)(41:5)(41:8)(42:23)(43:9)
disclosures  (43:22)
discovery  (1:10)(4:6)(4:9)(4:12)(4:13)(4:15)(4:17)
(4:23)(5:6)(5:7)(5:13)(6:3)(6:9)(6:21)(8:6)(8:12)
(8:21)(8:23)(9:2)(10:6)(10:7)(10:9)(13:18)(14:11)
(14:20)(15:13)(16:1)(16:12)(16:16)(17:18)(19:21)
(19:22)(42:24)(43:3)(44:8)(57:23)(58:21)(58:22)(60:6)
(61:15)(61:16)(61:19)(61:21)
discrete  (43:5)(57:13)
discuss  (8:10)(13:22)(19:19)(40:5)(40:6)(48:9)
discussed  (5:5)(5:19)(58:23)
discussion  (13:17)
discussions  (13:19)
dispute  (14:15)(15:8)(21:9)
disputes  (8:6)(8:12)(8:23)(58:23)(61:24)
distance  (62:4)
distinct  (43:16)
distinction  (27:22)
distinguish  (49:11)
district  (1:1)(1:2)(1:14)(11:19)(49:13)(50:3)(51:4)
(51:16)(58:14)
districts  (51:13)
divest  (54:23)
docket  (44:18)
document  (6:21)(6:23)(10:8)(10:9)(16:7)(16:8)(16:12)
(18:11)(18:12)(18:20)(27:2)(39:21)(43:1)
documents  (5:15)(6:14)(6:15)(8:17)(16:6)(16:24)
(18:14)(18:21)(21:3)(26:13)(29:23)(34:20)(36:1)(36:17)
(36:19)(38:2)(43:2)
does  (24:22)(32:22)(34:11)(41:14)(52:2)(53:19)(62:5)
doesn't  (22:10)(28:9)

doing  (13:13)
domestic  (52:4)
don't  (5:16)(6:17)(13:6)(14:4)(19:20)(20:6)(25:6)
(28:14)(28:21)(30:5)(33:23)(36:17)(38:22)(39:9)(39:14)
(40:2)(40:3)
doubt  (52:1)
dovetails  (25:9)
down  (14:18)(17:16)(26:16)(28:19)(36:10)(42:21)(53:19)
draft  (44:13)(54:3)(61:5)
drafting  (47:19)(54:10)
draw  (27:19)(47:3)
drew  (21:12)
drug  (9:15)(9:16)(20:12)(20:15)
due  (10:3)
during  (32:1)(37:12)(42:21)(43:24)(53:11)
duties  (22:19)(23:3)
duty  (59:9)

**E**

each  (7:2)(10:6)(14:22)(41:1)(54:23)(58:7)(58:9)
(60:15)
easiest  (10:16)
easy  (10:23)(47:3)(47:6)
effort  (22:24)(23:15)
efforts  (17:21)
either  (7:21)(20:6)(26:23)(33:1)(57:18)(58:12)(58:20)
elizabeth  (1:18)(3:6)
else  (22:16)(37:2)
elsewhere  (56:18)
email  (14:19)(15:1)(33:1)
emails  (18:8)
employed  (27:15)(63:9)(63:12)
employee  (10:24)(31:1)(32:17)(63:11)
employees  (11:2)(12:20)(13:5)(13:6)(28:1)(31:13)
enable  (13:7)
end  (14:15)(28:5)(28:12)(39:9)(53:19)
ended  (29:9)
enforcement  (34:17)(42:19)
engaging  (61:17)
enjoy  (23:22)
enlarged  (55:2)
enough  (31:14)
enter  (44:18)
entered  (31:4)
entire  (22:16)(33:9)(33:15)
entity  (20:18)
erroneous  (58:17)
esq  (1:18)(2:2)(2:5)
essence  (22:13)(26:20)
ethical  (22:19)(25:15)(25:23)(26:3)(26:7)
ethically  (34:6)
ethics  (23:4)(34:16)
even  (6:8)(12:19)(16:24)(17:9)(21:15)(31:13)(32:5)
(33:21)(38:4)(47:5)(48:10)(50:9)
event  (22:1)(57:3)
ever  (48:8)
every  (15:2)(33:2)(35:12)(35:23)(39:19)(39:22)
everyone  (3:2)(47:5)
everyone's  (13:16)
evidence  (31:7)
exact  (39:1)
exactly  (39:4)(49:23)(53:13)
example  (6:10)(59:12)
exception  (38:11)
exchange  (44:1)
exchanged  (4:19)(6:21)
exchanges  (14:22)(42:24)
excuse  (5:24)
executives  (31:13)(33:7)
exemption  (49:18)(50:23)(51:1)
exhibit  (29:14)(30:11)(41:18)(42:15)(51:17)(51:20)
exists  (46:13)(46:14)
expect  (16:3)(43:18)(56:23)
experience  (16:3)

experts

| | |
|---|---|
| **experts** (55:19) | **frame** (13:12) |
| **explain** (6:11)(17:1)(30:1) | **frankly** (9:23) |
| **explained** (16:22) | **free** (40:5) |
| **explaining** (31:10) | **friday** (38:21) |
| **extent** (35:12)(46:8)(47:19)(47:23)(48:7)(48:14) | **from** (3:6)(3:22)(3:24)(4:2)(5:1)(5:9)(5:18)(5:22) |
| **extra** (60:19) | (6:18)(7:1)(8:7)(9:5)(15:21)(16:16)(17:18)(18:19) |

have

**frame** (13:12)
**frankly** (9:23)
**free** (40:5)
**friday** (38:21)
**from** (3:6)(3:22)(3:24)(4:2)(5:1)(5:9)(5:18)(5:22)
(6:18)(7:1)(8:7)(9:5)(15:21)(16:16)(17:18)(18:19)
(18:23)(20:1)(21:23)(22:4)(22:17)(30:21)(32:17)(37:2)
(40:18)(45:22)(48:20)(49:5)(50:16)(51:13)(52:17)(53:9)
(54:5)(54:6)(55:13)(55:18)(57:20)(60:15)(61:7)(61:9)
(61:16)(62:8)
**front** (29:8)(46:11)
**full** (11:24)
**fully** (25:6)(28:17)
**functions** (22:9)
**further** (8:20)(9:6)(15:13)(15:19)(15:21)(16:8)(38:6)
(40:10)(55:17)(61:7)(61:9)(63:7)(63:10)
**future** (9:3)(16:18)(20:23)

**F**

**facilitate** (62:1)
**fact** (4:12)(15:13)(22:2)(23:12)(23:22)(30:2)(30:15)
(32:21)(45:18)(56:1)(60:11)(61:18)
**factual** (41:1)
**fair** (47:14)(48:10)
**fairly** (45:5)
**fairness** (58:3)
**faith** (4:19)
**fallon** (1:11)(1:14)
**familiar** (12:6)(44:10)
**far** (13:19)(15:23)(18:2)(38:15)
**fashion** (4:24)(41:23)
**fathom** (34:13)
**fda** (32:7)
**federal** (49:15)(49:17)
**feel** (58:8)
**field** (20:21)(55:16)
**figure** (12:7)
**figuring** (11:5)
**file** (15:15)
**filed** (9:16)(10:4)(48:1)
**filing** (33:2)
**finally** (18:17)
**financially** (63:12)
**find** (23:11)
**fine** (26:24)
**first** (5:8)(5:9)(6:18)(14:13)(16:19)(17:15)(17:21)
(17:23)(19:24)(21:18)(26:15)(26:18)(35:14)(45:2)(53:3)
**fish** (1:17)(3:6)
**five** (6:7)(10:19)
**five-day** (12:10)
**fixed** (38:21)
**flagged** (29:6)(56:17)
**flanagan** (1:18)(3:5)(3:6)(3:12)
**flow** (16:11)
**focus** (46:3)
**focused** (45:5)
**following** (50:17)
**foot** (6:3)
**footing** (21:21)
**for** (1:2)(3:3)(3:15)(3:16)(3:18)(3:19)(3:23)(4:6)
(4:10)(6:7)(6:10)(6:11)(6:22)(7:13)(7:18)(9:12)(9:17)
(9:22)(10:18)(10:21)(11:10)(11:13)(11:21)(13:1)(13:3)
(14:1)(14:3)(15:2)(16:2)(16:22)(17:2)(19:10)(20:23)
(23:19)(23:20)(24:2)(27:13)(27:17)(27:18)(33:6)(33:20)
(35:16)(41:4)(49:8)(49:13)(50:5)(50:15)(54:22)(55:16)
(56:15)(57:8)(58:22)(59:11)(59:12)(60:13)(60:21)(61:3)
(61:13)(61:14)(63:8)
**force** (7:21)(13:4)(13:7)
**forced** (46:5)
**foregoing** (63:4)(63:5)
**foreign** (52:4)
**foreseeable** (20:23)
**form** (53:15)
**formal** (42:11)
**former** (13:5)
**formula** (50:8)
**formulation** (47:11)(50:5)(50:6)(52:11)
**formulations** (32:5)
**forth** (51:23)(54:2)
**forum** (61:24)
**forward** (19:20)(41:21)(57:22)
**found** (22:13)
**four** (11:1)(11:3)(11:5)(12:19)(16:13)(34:24)(52:23)
(60:5)
**fourth** (12:21)

**G**

**gave** (47:16)
**general** (3:14)(3:15)(3:17)(4:11)(15:14)(15:24)(54:16)
(57:16)
**generalize** (54:4)
**generally** (14:19)(16:11)(21:1)(25:1)
**generic** (9:15)(9:18)(20:15)(32:5)(32:10)(37:22)
**get** (8:2)(13:23)(14:23)(17:18)(19:2)(34:8)(35:15)
(56:23)(59:23)(61:22)
**gets** (41:8)
**getting** (7:3)(15:20)(44:6)(44:16)(60:15)
**give** (9:5)(12:5)(40:17)(45:13)(47:15)(48:21)(59:7)
(61:4)
**given** (28:3)
**giving** (11:16)(19:22)(60:19)
**global** (43:12)
**goes** (35:16)
**going** (7:11)(8:12)(9:4)(12:8)(12:12)(14:16)(17:6)
(17:17)(18:4)(18:13)(19:15)(23:22)(27:13)(27:15)
(30:10)(35:8)(42:2)(42:8)(47:20)(48:2)(51:6)(55:21)
(56:11)(57:22)(60:6)(60:12)(60:15)
**goldman** (2:2)(3:22)
**gone** (15:2)
**good** (3:1)(3:5)(3:10)(3:21)(4:4)(4:19)(50:15)(50:20)
**got** (13:19)
**gotten** (7:15)
**govern** (41:3)
**granted** (37:6)
**groups** (24:23)(24:24)
**guess** (15:24)(26:14)(59:10)
**guidance** (40:17)(45:14)(61:4)
**guide** (29:4)(52:18)
**guidelines** (60:22)
**guidepost** (12:7)

**H**

**had** (4:5)(13:21)(14:6)(14:20)(14:24)(18:7)(18:9)
(21:16)(23:1)(26:3)(33:10)(33:19)(52:20)
**hague** (7:14)(7:17)(8:1)(11:6)(11:8)(11:9)(17:12)
**hampered** (14:17)
**hand** (20:12)(20:14)(41:13)(46:4)
**handle** (5:12)(8:6)
**hands** (57:18)
**hang** (51:18)
**happen** (10:10)(18:4)(41:12)(42:23)
**happening** (28:18)
**happens** (28:9)
**happy** (15:10)(59:17)
**hard** (41:9)
**harm** (35:1)(50:3)
**has** (5:14)(9:12)(9:16)(10:5)(10:13)(20:24)(31:3)
(31:9)(32:15)(37:6)(45:9)(50:14)(50:19)(50:21)(52:20)
**hasn't** (37:7)(47:24)
**hatch-waxman** (9:20)
**hate** (57:11)
**have** (3:12)(3:14)(3:15)(3:16)(4:8)(4:14)(5:4)(5:16)

haven't

(5:17)(5:23)(5:24)(6:3)(6:12)(7:5)(7:10)(7:14)(7:17)
(7:19)(7:20)(7:24)(8:16)(10:6)(11:10)(11:12)(12:4)
(12:10)(12:19)(13:2)(13:3)(13:6)(13:12)(13:19)(14:4)
(15:7)(15:18)(16:7)(16:17)(17:6)(17:14)(18:7)(18:9)
(18:17)(19:15)(20:4)(20:12)(20:14)(20:17)(21:7)(21:11)
(22:10)(23:7)(23:14)(23:15)(24:3)(24:4)(24:8)(24:11)
(24:12)(24:13)(24:14)(25:15)(25:21)(26:12)(27:1)(28:9)
(28:14)(28:19)(28:21)(29:5)(31:6)(32:17)(32:19)(32:22)
(33:4)(33:7)(33:13)(34:2)(34:4)(34:22)(35:14)(37:2)
(37:10)(37:14)(37:17)(37:22)(38:13)(38:14)(39:10)
(39:14)(39:18)(39:20)(40:21)(41:22)(42:3)(42:8)(43:3)
(43:12)(43:13)(43:15)(44:4)(44:14)(45:14)(45:16)
(45:18)(48:4)(48:12)(48:14)(50:7)(50:20)(51:21)(51:22)
(52:20)(52:21)(52:22)(53:3)(53:24)(54:15)(55:23)(59:7)
(59:9)(59:13)(59:21)(61:23)
**haven't**  (13:21)(17:5)(37:20)(38:3)
**having**  (23:16)(31:12)(36:4)(39:23)(40:15)(40:16)
(41:12)(41:15)(42:20)(49:2)(55:23)(58:10)
**hear**  (5:9)(5:21)(6:18)(6:19)(7:1)(8:13)(8:21)(9:4)
(16:16)(19:24)(30:21)(49:5)
**heard**  (17:4)(40:15)
**hearing**  (1:10)(5:5)(17:4)(19:20)(20:11)(34:1)(43:5)
(45:15)(58:22)(59:10)(59:23)(62:5)
**hearings**  (60:12)
**heart**  (28:6)
**help**  (47:22)(62:1)
**helpful**  (19:15)(36:7)
**her**  (25:7)(25:24)(26:12)(26:22)(28:17)(31:10)(32:23)
(32:24)(33:5)(33:6)(34:4)(37:18)(37:19)(40:5)
**here**  (4:8)(6:12)(6:24)(10:4)(10:20)(12:16)(13:8)
(14:3)(17:17)(21:6)(22:2)(22:15)(31:2)(36:8)(44:9)
(44:20)(45:14)(49:19)(49:22)(50:20)(52:13)(53:5)
(53:14)(61:14)(62:4)(62:6)(62:7)
**herself**  (25:5)(26:10)(42:5)
**he's**  (10:22)(10:23)
**hicks**  (59:24)(60:11)
**highly**  (21:2)(33:12)(33:16)(38:16)(38:17)(55:11)
**him**  (12:23)(14:3)
**his**  (10:21)(16:20)
**historical**  (38:1)(38:2)
**history**  (15:15)
**holdings**  (51:3)
**honor**  (3:6)(3:11)(3:22)(5:11)(5:20)(5:24)(7:6)(8:5)
(16:19)(17:3)(18:6)(19:14)(20:7)(23:17)(24:19)(25:8)
(26:16)(26:21)(27:23)(28:5)(29:9)(29:15)(29:19)(30:22)
(31:23)(32:14)(32:20)(37:5)(38:8)(40:12)(45:1)(49:11)
(50:4)(51:8)(52:10)(52:17)(53:3)(61:8)(61:11)(62:10)
(62:11)
**honorable**  (1:14)
**hope**  (18:1)(19:13)
**hoping**  (29:3)
**horse**  (41:10)
**how**  (4:11)(6:24)(8:24)(9:6)(13:18)(14:21)(15:13)
(17:18)(19:22)(20:4)(21:22)(28:9)(29:2)(34:19)(35:18)
(35:19)(36:7)(36:9)(47:9)(59:22)(60:13)(60:14)(61:5)
(61:18)
**however**  (38:10)
**hypothetical**  (47:24)

## I

**iceutica**  (1:3)(2:18)(3:3)(3:7)(3:15)(9:9)(20:12)
**i'd**  (8:21)
**identify**  (47:6)
**i'm**  (5:4)(8:12)(11:22)(13:7)(16:22)(19:5)(19:8)
(19:17)(24:19)(25:5)(34:1)(34:8)(35:20)(36:7)(37:8)
(37:11)(37:24)(44:8)(44:20)(45:2)(48:10)(50:11)(50:16)
(52:1)(55:21)(56:5)(56:11)(56:14)(59:15)(59:17)(60:15)
**immediate**  (9:12)(21:1)
**immediately**  (16:6)
**impede**  (33:5)(41:20)
**implicate**  (49:21)(56:10)
**importantly**  (39:1)
**imposed**  (22:1)
**in the**  (55:17)

**inadvertent**  (28:8)(41:4)(41:7)(42:22)(43:9)(43:22)
(46:16)
**inadvertently**  (46:5)
**inappropriate**  (56:9)
**include**  (42:4)(42:10)(50:13)(51:7)(51:14)(52:2)(54:1)
(55:22)
**included**  (42:11)
**includes**  (51:23)(54:4)
**including**  (49:9)(52:4)(52:15)
**inclusion**  (50:15)
**inconsistent**  (46:6)(46:22)
**incorporated**  (56:22)
**incorporates**  (44:18)(44:19)
**incredibly**  (14:3)(46:15)
**independent**  (26:23)
**india**  (8:15)(21:16)(27:4)(28:10)(29:1)(35:7)(36:17)
**indicating**  (36:1)
**indication**  (9:6)
**individual**  (41:2)
**individuals**  (17:19)(55:13)
**infancy**  (16:1)
**inform**  (26:2)
**information**  (14:4)(22:5)(23:21)(24:9)(25:19)(27:3)
(27:16)(27:20)(27:24)(28:3)(28:17)(28:22)(28:24)(31:5)
(32:18)(33:4)(33:11)(33:18)(33:19)(34:3)(35:9)(35:13)
(35:24)(36:22)(37:3)(37:21)(38:3)(38:18)(40:22)(42:9)
(42:13)(43:10)(43:15)(43:17)(43:20)(44:1)(46:10)
(46:17)(46:23)(49:3)(54:21)(55:5)(57:6)(58:6)
**informed**  (34:4)
**infringement**  (5:16)(15:16)(33:16)(33:20)(36:20)
(36:23)(39:11)(50:3)
**infringing**  (35:10)
**inhouse**  (21:7)(21:14)(21:15)(21:17)(22:8)(22:9)
(22:21)(23:3)(23:10)(24:13)(25:10)(25:11)(26:7)(27:5)
(27:8)(29:10)(30:24)(31:17)(31:20)(32:2)(32:22)(34:4)
(34:7)(36:18)(39:23)(40:20)(57:19)
**initial**  (10:3)(10:6)(10:7)(15:16)
**initiated**  (20:1)(57:4)
**inserted**  (56:14)
**inside**  (59:1)
**instance**  (14:14)(30:17)(55:21)(56:6)(60:5)
**instances**  (43:6)(56:14)(57:13)
**instead**  (47:22)
**institute**  (32:11)
**instituted**  (48:8)
**insufficient**  (14:16)
**intend**  (35:15)(37:3)
**intent**  (4:22)(5:3)
**intents**  (9:17)
**inter**  (52:6)
**interest**  (23:20)
**interested**  (63:13)
**interim**  (19:12)(59:6)
**interrogatories**  (6:5)(6:7)(6:9)(6:22)(14:9)(16:4)
(16:10)(59:4)(60:10)
**interrogatory**  (6:10)(18:9)(18:10)(33:10)
**into**  (13:19)(19:23)(23:10)(35:2)(40:24)(41:9)(41:10)
(60:12)
**introduce**  (3:13)
**introductions**  (3:3)
**intrusion**  (39:17)
**inventor**  (11:4)(51:3)
**inventors**  (7:8)(7:21)(10:18)(10:19)(13:23)(14:1)
(17:3)(17:7)(18:8)(27:14)(27:18)(59:1)(59:2)
**invested**  (61:16)(62:7)
**involve**  (31:10)(34:12)
**involved**  (16:23)(24:16)(25:4)(25:5)(25:12)(31:2)
(31:7)(31:15)(31:18)(31:21)(36:12)(40:23)(48:19)
(53:14)(53:22)
**involves**  (12:13)(40:24)(55:4)
**involving**  (32:6)
**ipr**  (40:13)(47:24)(48:8)(49:10)(50:24)(51:7)(51:15)
**iroko**  (2:18)(3:4)(3:8)(3:16)(3:18)(9:9)(20:12)
**irrelevant**  (55:6)

| | |
|---|---|
| **irreparable** | **materials** |

**irreparable** (34:24)
**isn't** (22:22)(24:1)(39:16)(40:5)
**issue** (5:19)(7:3)(7:6)(12:1)(14:8)(14:11)(15:21)
(20:2)(20:3)(20:18)(27:12)(29:20)(30:15)(34:7)(36:10)
(36:24)(38:23)(44:3)(44:22)(45:5)(45:15)(46:3)(47:2)
(54:1)(55:15)(55:16)
**issued** (49:15)(52:20)
**issues** (4:13)(4:15)(5:8)(5:18)(6:4)(8:8)(8:13)(8:18)
(8:20)(10:8)(10:12)(15:10)(15:19)(15:21)(16:17)(17:19)
(18:1)(19:6)(19:7)(19:21)(19:24)(20:8)(26:15)(35:6)
(37:8)(37:11)(40:15)(44:8)(45:18)(58:20)(59:5)(60:6)
(60:7)(62:1)
**issuing** (44:12)(58:19)
**item** (29:22)
**itemized** (15:3)
**its** (2:12)(49:15)(50:15)
**it's** (4:9)(4:18)(4:24)(11:8)(11:18)(14:16)(17:5)
(18:22)(19:23)(26:24)(29:10)(29:14)(29:19)(30:13)
(30:15)(30:24)(35:7)(40:7)(40:9)(41:9)(46:15)(47:6)
(47:13)(48:10)(50:24)(57:7)(52:12)(59:18)(62:4)
**itself** (12:2)(22:2)(54:22)(56:4)
**i've** (41:18)(54:12)(56:16)(56:19)(57:2)

**J**

**james** (2:17)(3:15)
**job** (14:2)(32:22)
**jointly** (35:1)
**judge** (1:11)(32:15)(54:13)(54:19)(58:14)(59:9)(62:6)
**judicial** (52:17)
**july** (19:9)
**june** (1:9)
**jurisdiction** (21:24)(22:3)(22:18)(26:1)(32:12)(34:17)
(42:6)(42:18)
**just** (6:13)(6:17)(8:21)(12:7)(14:2)(16:23)(17:5)
(18:6)(18:23)(22:14)(22:17)(22:22)(26:21)(27:12)
(27:23)(34:10)(34:11)(36:4)(38:7)(39:2)(40:9)(42:13)
(44:10)(46:21)(51:7)(51:11)(53:2)(56:15)(60:14)(60:21)
(61:2)

**K**

**keep** (12:8)(29:11)
**keeping** (28:17)(43:17)
**kenexa** (45:16)(45:21)(46:8)(46:20)(49:11)(54:13)
(54:19)(55:1)
**key** (27:22)(47:14)
**kind** (5:2)(28:10)(37:12)(39:1)(39:4)(39:5)
**kinds** (30:9)(39:12)(48:17)
**king** (1:12)
**knobbe** (2:4)(3:24)
**know** (14:1)(17:7)(25:16)(32:14)(50:8)(52:13)(52:14)
(58:11)(60:13)(60:14)(61:19)(61:23)
**knowing** (39:22)
**knows** (18:7)

**L**

**laid** (29:15)
**language** (55:23)(56:12)(56:14)(56:21)
**larisha** (59:24)(60:11)
**last** (10:17)(16:20)(30:15)
**lastly** (38:24)
**later** (19:19)
**law** (19:17)(37:16)(58:17)
**lawsuit** (10:11)(28:18)(52:19)(52:21)
**lawyers** (42:17)
**lea** (2:5)(4:1)(5:23)(6:17)(7:5)(7:8)(16:19)(18:6)
(19:13)(30:22)(34:22)(36:6)(40:5)(49:6)(50:18)(51:20)
(51:22)(52:10)(61:11)(62:10)
**lead** (44:16)
**least** (18:2)(32:16)
**leave** (27:20)(29:23)(36:2)(59:22)
**leaves** (35:24)
**leaving** (27:3)(34:20)(43:4)
**led** (48:4)
**left** (12:9)

**legal** (8:15)(40:20)
**lend** (12:2)
**lengthy** (14:23)(14:24)(18:10)
**lesser** (46:7)
**let** (5:9)(5:21)(6:16)(6:18)(9:7)(16:15)(29:18)(30:1)
(30:20)(45:13)(49:4)(51:18)
**let's** (3:2)(20:3)
**letter** (10:3)(15:7)(51:10)(60:4)
**letters** (14:23)
**level** (25:21)(56:6)(56:7)
**liable** (35:1)
**license** (22:10)(26:4)(26:8)
**licensed** (21:19)(22:15)(23:5)(23:24)(26:10)
**licensees** (6:13)
**licensure** (22:13)(25:14)
**like** (8:7)(8:10)(8:21)(9:4)(17:13)(17:22)(23:9)
(32:20)(43:23)(50:24)(51:7)(51:11)(52:12)(60:12)(60:14)
**likelihood** (46:16)
**likely** (19:8)(42:23)(43:8)(49:21)
**limited** (1:6)(2:19)(24:9)(25:16)(29:10)(32:21)(49:7)
(51:14)(52:5)(60:5)
**line** (17:16)(21:12)(27:19)(42:21)(46:2)(47:3)(52:1)
**lines** (58:23)
**lingering** (12:9)
**listed** (23:7)
**litigate** (41:21)(58:7)
**litigation** (6:20)(9:19)(9:23)(25:2)(33:7)(36:13)
(37:18)(39:18)(41:2)(42:22)(43:12)(47:4)(47:17)
(47:20)(48:8)(57:20)(57:21)(57:24)(62:2)
**litigations** (24:23)
**litigators** (48:24)
**little** (5:24)(6:1)(6:19)(18:19)(45:14)
**live** (43:11)
**llp** (2:4)
**locate** (11:5)(12:23)
**located** (10:20)(10:22)(21:15)
**location** (10:18)(10:21)
**locations** (56:20)
**long** (62:4)
**longer** (12:20)(27:14)
**look** (23:6)(46:18)(51:19)(61:4)
**looking** (50:12)
**looks** (47:5)
**lot** (45:15)
**ltd** (1:3)(2:18)
**lupin** (1:6)(2:19)(3:20)(3:23)(4:2)(9:15)(16:16)
(24:10)(24:11)(24:16)(28:19)(29:7)(29:20)(30:2)
(30:17)(30:21)(32:21)(35:23)(37:10)(49:5)(50:5)(56:7)
**lupin's** (8:15)(26:2)(26:22)(27:5)(28:15)(33:22)
(38:17)(46:9)(47:10)

**M**

**made** (12:12)(16:7)(37:20)(38:3)(54:15)(57:2)
**magistrate** (1:14)
**make** (4:17)(8:13)(16:8)(42:13)(43:8)(51:8)(57:16)
(61:2)
**makes** (23:13)
**making** (4:23)(11:22)(12:5)(20:13)(20:15)(25:19)(36:3)
(44:8)(44:20)(58:2)
**manage** (33:5)
**management** (24:24)(25:2)(37:15)(52:17)
**manager** (36:9)
**managing** (36:13)
**manner** (57:23)
**manning** (2:17)(3:14)
**many** (18:11)(18:20)(60:14)
**marked** (30:12)(56:15)
**market** (9:18)
**marketed** (9:10)
**maron** (3:17)
**martens** (2:4)(3:24)
**martha** (2:17)(3:14)
**material** (47:12)
**materials** (21:11)(24:3)(24:7)(30:18)(35:22)(39:3)

| matter | ours |
|---|---|

**matter**

(40:7)(43:2)(45:10)(57:22)
**matter** (17:5)(28:9)(32:21)(36:15)
**may** (4:13)(7:6)(7:18)(8:23)(14:10)(16:17)(24:8)
(25:11)(25:19)(46:2)(49:16)(52:8)(54:9)(62:5)
**maybe** (10:16)(34:11)(35:18)(38:11)(56:17)
**meaningful** (41:24)
**means** (13:18)
**measure** (21:4)(23:19)(23:21)(48:22)
**medication** (9:11)
**meet** (4:20)(44:15)(47:15)
**meet-and-confer** (15:1)(15:5)(18:10)(18:15)(37:13)
**meeting** (5:1)
**mentioned** (5:20)(10:17)
**met** (31:6)(37:17)
**might** (24:13)(25:18)(27:9)(33:24)(36:6)(37:1)(47:22)
(48:9)(48:15)(56:9)(59:5)(59:13)
**mini** (2:19)(4:2)
**minimal** (6:9)
**minimized** (43:21)
**misstatement** (51:9)
**misused** (22:5)
**modify** (58:15)
**moji** (2:17)(3:15)
**monday** (1:9)
**monitoring** (61:20)
**months** (9:22)(16:13)(32:2)
**moran** (2:17)
**more** (7:6)(14:6)(23:13)(36:6)(42:23)(43:8)(44:5)
(46:2)(49:13)(52:23)(53:3)(55:8)(59:18)(60:6)
**morning** (3:1)(3:5)(3:21)(4:4)(8:8)(38:22)
**motions** (60:24)
**move** (19:20)(40:13)
**much** (9:20)(23:13)(38:22)(47:6)(60:13)
**multiple** (18:7)(18:8)(60:17)
**must** (41:3)
**myriad** (10:10)

**N**

**naidu** (24:22)(25:22)(26:2)(26:8)(29:18)(31:5)(32:23)
(33:22)(35:7)(35:14)(36:8)(36:22)(37:4)(37:6)(39:4)
(39:10)(42:3)
**nature** (24:7)(25:6)
**necessary** (11:6)(11:9)(43:7)
**necessity** (60:23)
**need** (8:1)(12:12)(15:10)(17:14)(17:20)(22:7)(43:14)
**needed** (22:1)
**needs** (17:24)(39:13)(56:21)(60:17)
**negotiation** (10:9)
**neither** (63:7)
**new** (9:16)(14:2)(20:13)
**next** (44:22)
**nexus** (22:7)
**night** (38:21)
**nine** (30:13)
**nonattorney** (24:12)(30:24)(31:15)(36:11)
**nondispositive** (58:11)
**none** (6:5)(11:2)(31:10)(31:20)(32:2)
**nonetheless** (43:16)
**nonevent** (10:22)
**non-practicing** (20:18)
**nor** (63:8)(63:12)
**normal** (16:11)
**northern** (51:16)
**not** (4:8)(4:24)(5:4)(7:15)(7:17)(7:19)(8:14)(11:22)
(12:1)(13:5)(13:24)(14:20)(15:23)(17:1)(17:9)(17:10)
(17:11)(18:13)(18:21)(19:8)(19:17)(20:18)(20:19)
(21:10)(21:14)(22:21)(23:12)(24:6)(24:10)(24:19)(25:5)
(25:22)(27:9)(27:15)(27:21)(28:8)(30:13)(30:15)(31:6)
(31:14)(32:22)(33:4)(35:5)(35:8)(35:20)(36:2)(36:7)
(36:9)(36:13)(36:16)(37:8)(37:11)(37:15)(37:17)(37:24)
(38:12)(41:12)(42:10)(42:23)(43:8)(44:6)(44:12)(45:9)
(46:21)(46:23)(47:5)(47:21)(48:10)(49:1)(49:7)(49:21)
(50:2)(50:17)(51:5)(51:10)(51:15)(52:2)(52:4)(52:13)
(53:5)(53:13)(53:22)(54:6)(54:9)(56:2)(56:3)(56:5)

**ours**

(56:15)(57:18)(58:19)(62:4)(63:11)
**notably** (39:14)
**notary** (63:18)
**note** (24:1)
**noted** (38:8)(55:1)
**notice** (52:23)
**notification** (19:1)(29:22)
**noting** (20:11)
**november** (12:11)
**now** (10:12)(14:17)(15:4)(15:8)(20:22)(21:4)(23:11)
(29:8)(46:12)(50:22)(53:7)(60:21)
**number** (34:8)(35:6)(60:19)(60:23)
**nutshell** (40:9)

**O**

**object** (34:14)(58:12)
**objection** (34:23)
**objections** (58:15)
**objective** (57:24)
**objectives** (58:9)
**obligations** (22:18)(22:19)(25:15)(25:23)(26:3)(26:7)
(26:9)(26:11)(42:7)
**observe** (34:6)
**observed** (11:18)
**obtain** (54:21)
**obviously** (10:20)(14:15)(21:9)(25:2)(45:5)
**occur** (17:23)(43:10)
**occurred** (9:13)
**occurrence** (41:12)
**occurring** (49:14)
**odds** (43:7)
**off** (6:3)
**office** (35:8)(35:9)(46:11)(49:20)(50:9)
**okay** (5:21)(7:5)(10:15)(12:24)(16:15)(30:11)(45:3)
(51:19)(52:9)
**olsen** (2:4)
**once** (9:12)(10:2)(41:7)(44:14)
**one** (7:6)(10:19)(11:4)(11:17)(14:1)(16:7)(20:3)
(20:11)(20:19)(21:20)(24:3)(26:18)(32:16)(35:7)(37:5)
(38:11)(38:16)(38:19)(40:15)(44:15)(45:2)(46:4)(46:21)
(51:8)(51:17)(56:24)
**one-paragraph** (14:19)(15:1)
**ones** (56:16)(56:19)
**only** (5:19)(8:12)(52:7)(55:4)
**onset** (9:12)
**onto** (42:12)
**open** (43:5)
**operate** (47:7)
**operated** (30:7)
**operates** (14:21)
**opinions** (54:13)
**opportunity** (4:10)
**oppose** (21:14)
**opposed** (26:22)(34:10)(48:13)
**opposing** (17:23)(39:19)(40:21)
**order** (4:16)(4:21)(5:2)(5:4)(5:6)(5:8)(5:20)(7:4)
(8:7)(8:14)(10:14)(12:8)(15:20)(19:24)(20:2)(20:7)
(21:5)(21:8)(22:6)(23:23)(24:4)(28:8)(29:6)(29:8)
(29:19)(30:19)(31:4)(31:19)(32:1)(37:10)(37:19)
(41:16)(42:4)(42:19)(44:12)(44:14)(44:17)(44:19)(45:6)
(45:10)(50:13)(51:17)(53:16)(54:3)(56:13)(56:18)
(56:22)(57:1)(58:16)(58:19)(58:20)(58:21)
**orders** (51:13)
**organization** (25:18)
**other** (8:23)(11:1)(11:18)(13:20)(14:5)(14:8)(15:20)
(20:14)(21:3)(24:7)(24:23)(24:24)(28:20)(31:12)(38:9)
(38:19)(41:13)(44:16)(46:22)(51:13)(54:17)(54:23)
(55:10)(56:20)(56:24)(59:5)(60:16)(60:17)
**otherwise** (34:13)
**our** (3:13)(4:7)(5:18)(9:18)(10:3)(14:15)(17:11)
(19:20)(23:20)(27:2)(27:24)(28:1)(28:2)(28:23)(33:17)
(33:19)(35:8)(35:9)(35:11)(37:22)(38:20)(39:11)(40:7)
(44:18)(48:20)(52:11)
**ours** (38:18)

**out**

out  (7:24)(11:6)(12:7)(12:18)(14:24)(18:2)(19:12)
(19:14)(27:17)(27:20)(29:15)(30:13)(41:8)(43:15)(44:3)
(44:6)(51:3)(51:11)(51:15)(53:4)(56:15)(57:10)
outcome  (56:4)
outset  (20:11)(27:7)(39:5)
outside  (28:15)(33:5)(40:8)(43:13)(54:6)(54:9)(58:24)
outstanding  (14:9)
over  (7:20)(16:13)(21:3)(59:13)
overarching  (5:3)
overdesignating  (33:9)(35:22)
overdesignation  (38:13)
overly  (41:19)
overseas  (21:16)(28:4)
oversight  (38:19)
overview  (19:22)
own  (33:19)

**P**

page  (56:17)
pages  (60:5)(60:19)
pain  (9:11)(9:12)
papers  (12:4)
paragraph  (10:2)(29:13)(30:6)(35:4)(51:20)(51:23)
(52:2)
paramount  (43:19)
part  (11:14)(47:18)(47:21)(58:16)
parte  (52:5)
partes  (52:6)
participate  (32:3)(32:7)(32:8)(45:11)(52:8)(54:9)
participating  (54:6)(55:14)(55:19)
particular  (43:1)(43:3)(43:24)(55:16)
particularly  (12:13)
parties  (4:11)(4:19)(5:4)(5:17)(6:12)(9:5)(10:5)
(10:24)(11:3)(14:23)(16:1)(20:8)(20:20)(20:22)(21:4)
(21:6)(29:9)(29:16)(36:5)(43:12)(43:19)(44:2)(44:15)
(45:5)(49:18)(50:12)(50:20)(53:24)(56:23)(57:17)
(57:19)(58:4)(59:8)(59:18)(59:19)(60:24)(63:9)
parties'  (8:24)(34:1)
party  (22:2)(41:3)(50:18)(50:22)(52:3)(52:7)(54:20)
(58:9)(60:17)(61:13)
party's  (40:22)(58:7)
patent  (8:17)(9:19)(32:4)(46:11)(49:20)(50:9)(52:3)
(52:8)(52:17)(54:8)(54:10)(55:4)(55:9)(55:14)
patent prosec  (47:23)
patents  (7:9)(10:19)(52:20)(53:4)
patents-in-suit  (55:17)
pending  (6:22)(6:24)
people  (13:4)(23:23)(24:8)(25:3)(25:12)(25:17)(31:12)
(38:13)(39:24)
percolating  (4:14)(8:24)
perfectly  (8:9)
perhaps  (10:13)(19:2)(20:7)(22:9)(26:21)
permissible  (16:5)(22:8)
permission  (9:17)(35:16)
permit  (40:20)(56:11)
person  (9:2)(21:16)(22:21)(22:22)(23:3)(23:9)(23:12)
(24:2)(27:5)(55:11)(59:17)(59:23)
personal  (32:12)
perspective  (5:18)(45:23)(48:20)
pharmaceuticals  (3:16)(3:18)(4:3)
pharmacopeia  (32:8)
philadelphia  (10:22)
phillips  (2:2)(3:22)
phone  (7:16)(14:23)(18:7)(33:1)(59:23)
piece  (35:13)(35:24)
place  (7:4)(11:8)(28:7)(54:18)(56:3)
placed  (23:15)
places  (46:6)
plaintiff  (3:3)(15:21)(31:3)(35:15)(41:14)(49:19)
(59:5)
plaintiffs  (1:4)(1:19)(3:7)(5:9)(6:5)(6:19)(7:10)
(8:4)(12:20)(17:14)(20:1)(33:8)(34:10)(35:4)(35:21)
(36:1)(37:9)(41:19)(43:3)(50:7)(55:22)(61:7)
plaintiff's  (9:23)

**prosecute**

plaintiffs'  (34:20)(41:6)(42:14)(45:22)(51:10)(54:2)
(54:4)(56:12)(60:9)
plan  (36:16)(36:19)(36:22)
play  (47:18)(47:21)
please  (3:2)(60:10)
pleasure  (3:13)
plenty  (61:3)
point  (16:23)(37:15)(40:11)(40:18)(47:10)(51:11)
points  (7:2)(17:15)(17:24)(38:8)(47:8)(53:2)
portions  (54:3)
position  (21:13)(24:20)(25:10)(46:4)
positions  (46:6)(46:22)(48:15)
posted  (60:22)
post-grant  (44:24)(45:12)(46:12)(49:9)(50:10)(52:16)
(53:6)(54:7)(55:15)(55:20)(56:2)(57:4)
post-surgical  (9:13)
potential  (22:3)
potentially  (46:5)
practical  (36:15)
practice  (12:6)(14:21)(32:16)(44:9)
practiced  (30:7)
precise  (9:4)
preclude  (54:6)
precluded  (55:13)
predictability  (58:3)
predominantly  (9:11)
preemptively  (57:9)
preference  (20:4)(59:21)
prejudice  (57:8)
premature  (15:9)
prepared  (8:9)(9:21)
preparing  (42:1)
present  (2:16)
presently  (56:2)
presents  (21:19)
preview  (11:17)(14:10)
previously  (4:8)(37:6)
primary  (40:18)(40:19)
prior  (29:23)(48:16)(55:5)
probably  (12:6)(18:16)
problem  (11:15)(26:12)(28:14)(28:21)(30:14)(38:21)
(39:14)
procedure  (46:12)
proceed  (6:18)(9:6)(44:21)(59:20)(60:21)
proceeding  (6:24)(48:13)(49:9)(55:15)(55:20)(61:21)
(63:6)(63:10)
proceedings  (50:10)(54:7)(54:11)(56:3)(57:4)(57:7)
(62:12)
process  (4:12)(11:6)(15:4)(61:18)(62:8)
produce  (11:21)(18:13)(18:21)
produced  (5:15)(5:16)(6:14)(57:23)
producing  (21:1)
product  (9:10)(9:19)(30:3)(35:11)(37:21)(37:23)
production  (10:9)(15:2)(15:15)(16:8)(16:12)(18:11)
(18:12)(27:2)
productions  (16:9)
products  (20:14)(20:16)
professional  (23:9)(26:19)(34:5)(34:15)(42:17)(63:3)
(63:18)
progress  (62:1)
progressed  (19:23)
progresses  (4:24)
progressing  (4:12)(10:5)(15:14)(16:14)
prohibited  (55:9)(55:17)
prohibiting  (31:4)
prohibition  (36:4)
promised  (15:6)
prompting  (8:22)
proportional  (4:18)
proposal  (54:2)(54:4)
proposals  (42:15)
proposed  (23:1)(26:18)(56:12)
proprietary  (21:2)
prosecute  (52:22)

**prosecuting**

prosecuting  (32:4)
prosecution  (8:17)(44:23)(45:7)(45:8)(45:21)(48:9)
(48:11)(48:13)(49:6)(49:8)(49:14)(50:14)(50:19)(50:21)
(50:23)(51:6)(51:14)(51:22)(51:24)(52:1)(52:15)(53:4)
(53:5)(53:11)(53:24)(54:5)(55:9)(55:15)(55:19)
prosecutors  (50:7)(52:14)
protect  (42:12)
protecting  (58:6)(58:7)
protection  (21:4)(23:19)(23:21)(47:16)(48:22)(56:6)
protections  (26:5)(33:24)(54:18)(54:20)(57:17)
protective  (4:15)(5:8)(5:20)(7:4)(8:14)(15:20)(19:24)
(20:2)(21:5)(21:8)(22:6)(23:23)(24:3)(28:8)(29:6)
(29:7)(29:19)(30:19)(31:4)(31:19)(32:1)(37:5)(37:10)
(37:19)(41:16)(42:4)(42:19)(44:13)(44:17)(44:19)(45:6)
(45:10)(50:13)(51:13)(53:16)(54:3)(56:13)(56:18)
(56:22)(57:1)
protest  (52:5)
provide  (19:18)(25:1)
providing  (40:7)
provision  (29:22)(50:13)
provisions  (29:11)
pty  (1:3)(2:18)
public  (37:22)(63:18)
publicly  (48:16)
purpose  (61:14)
purposes  (9:18)(27:17)(56:16)
pursuant  (42:3)
pursuing  (57:20)
put  (23:1)(23:2)(23:10)(28:10)(45:21)(49:17)
putting  (54:18)(57:12)

**Q**

question  (26:15)(27:7)(37:18)(48:3)
quick  (38:8)
quickly  (7:24)
quote  (37:2)(53:9)(53:10)

**R**

raised  (8:8)(10:13)(14:8)(15:5)(29:20)(30:2)(56:7)
rather  (22:22)(35:23)(36:3)
reached  (55:7)
read  (29:5)(41:18)(45:16)(53:9)
reading  (39:11)
real  (27:11)
realize  (55:7)(62:3)
really  (28:12)(30:8)(34:12)(38:22)(39:7)(39:12)(40:9)
(41:14)(48:23)(62:6)
reason  (24:14)
rebuttal  (38:6)
receive  (18:19)(18:24)
received  (10:2)(14:19)(52:23)
recent  (48:11)
recognize  (25:10)(58:5)
recognized  (54:14)
record  (32:15)(56:16)
recourse  (28:10)
redacted  (33:20)
redesignate  (33:14)
reduce  (60:19)
re-exam  (51:7)(51:15)
re-examination  (49:10)(50:24)(52:6)(55:3)(55:4)(55:6)
reference  (6:15)
referenced  (22:14)(27:23)(53:8)
referencing  (29:11)
referring  (37:9)
regard  (7:3)(8:20)(14:8)(14:11)(15:13)(16:16)(44:7)
(56:8)(59:2)
regarding  (14:7)
regular  (31:12)
reissue  (52:5)
related  (5:8)(63:8)
relates  (44:23)
relating  (4:15)(32:4)(44:22)
relationship  (41:3)

**say**

relative  (58:20)(63:11)
released  (37:22)
relied  (6:8)(6:13)
relief  (9:12)
remaining  (5:19)
repeat  (44:10)
repeatedly  (7:10)
reporter  (63:4)(63:18)
reporting  (36:14)
representation  (49:20)
representations  (42:11)
representative  (7:9)(8:15)(21:23)(24:15)(33:22)
(34:2)(36:11)(36:18)(39:21)(40:23)(41:23)
representatives  (2:18)(4:7)(31:21)(32:3)(40:21)(61:13)
represented  (18:23)
representing  (52:3)
request  (15:2)(30:10)
requests  (6:22)(6:23)(18:12)(18:20)
require  (26:1)(30:3)(34:6)
required  (32:11)(42:7)
requirement  (22:14)
requirements  (25:14)
resolve  (23:16)
resort  (7:14)(7:17)(8:1)
respect  (32:9)(39:2)(40:2)
respective  (54:23)
responded  (10:6)(27:9)
responding  (60:16)
response  (15:6)(16:4)(18:24)(19:3)(33:10)
responses  (14:12)(14:15)(18:9)(18:11)(19:8)(59:3)
(60:9)
responsibilities  (25:7)
restrictions  (41:15)
restrictive  (41:14)(41:19)(55:8)
retained  (57:18)
reverse  (10:14)
reversed  (9:21)
review  (1:10)(4:6)(4:9)(5:7)(5:13)(26:23)(39:13)
(53:6)(54:7)(55:15)(56:2)(57:4)(61:15)
reviewed  (27:5)(29:1)(40:16)(55:24)
reviewing  (18:18)(26:13)(36:19)(54:12)
reviews  (33:2)
revised  (44:17)(56:21)(57:1)
richardson  (1:17)(3:7)
right  (4:5)(6:16)(12:24)(15:4)(15:8)(15:12)(29:4)
(29:8)(30:23)(49:4)(50:18)(53:1)(53:23)(60:21)
rights  (24:12)(54:22)(54:24)(58:7)
rise  (56:7)
risks  (43:21)
road  (26:16)(28:19)
robinson  (32:15)(54:19)
robinson's  (54:13)
role  (37:18)
roles  (9:20)
rule  (6:8)(6:13)(16:4)(16:21)(40:14)(54:17)(58:12)
rules  (22:17)(23:8)(26:19)(26:23)(34:5)(42:17)
ruling  (11:17)(11:22)(12:2)(44:12)
rulings  (8:13)(44:7)(44:14)(44:19)(57:2)(57:7)(58:2)
(58:11)(58:13)
run  (59:13)

**S**

safe  (57:12)
safeguards  (31:24)
said  (12:18)(13:2)(14:18)(18:16)(30:17)(33:17)(33:18)
(35:4)(39:5)(42:20)(43:23)(49:23)(51:2)(51:6)(54:19)
(56:11)(58:10)
same  (13:12)(21:11)(22:23)(23:3)(23:10)(23:21)(24:6)
(24:12)(28:20)(30:23)(47:16)(48:22)(51:4)
sample  (51:12)
sanctions  (22:1)(22:3)
satisfied  (50:22)
say  (5:14)(14:7)(15:24)(24:22)(31:14)(37:4)(37:9)
(51:14)(52:19)

**saying**

```
saying  (27:9)(35:21)(47:17)(53:13)(53:21)
says  (30:11)(31:19)(35:5)(50:12)(51:4)(51:24)
scant  (24:21)
schedule  (61:2)
scheduled  (4:5)
scheduling  (4:21)(5:2)(12:8)(13:11)(18:3)
scientist  (24:2)
scope  (45:8)(48:20)(48:24)(49:2)(53:11)(53:15)(53:19)
  (53:21)(55:2)
search  (10:10)(16:2)(18:17)
seated  (3:2)
second  (15:22)(24:5)(27:1)
secret  (52:13)
see  (4:11)(6:1)(12:3)(22:7)(29:5)(30:11)(35:6)(35:8)
  (35:10)(36:7)(43:19)
seeing  (61:20)
seek  (23:19)(60:24)(61:1)
seeking  (9:17)(49:18)(50:12)(50:19)(57:17)
seeks  (24:10)(24:11)
seems  (13:9)(13:14)
send  (33:21)(36:19)(36:22)(56:24)
sense  (13:23)(19:21)(41:19)(58:3)
sensitive  (27:3)(27:16)
sent  (19:1)(27:4)(29:17)(30:12)(36:20)
separate  (22:17)
series  (5:12)
serve  (6:4)(44:11)(58:19)
served  (10:6)(59:4)
set  (9:1)(16:12)(19:3)(19:5)(19:10)(19:16)(22:16)
  (41:15)(51:23)(54:2)(58:15)(58:21)(59:11)(60:13)
setting  (59:16)
seven  (23:1)(23:6)(29:2)(29:11)(34:9)(41:17)
several  (3:13)(56:13)
severally  (35:1)
shape  (53:15)
share  (25:17)(25:18)(28:1)(30:3)(30:18)(31:5)(37:4)
  (39:3)(58:4)
she  (10:17)(19:18)(24:22)(24:23)(25:2)(25:4)(26:3)
  (26:10)(26:19)(26:24)(31:7)(31:9)(33:2)(33:3)(34:6)
  (36:23)(39:12)(40:6)(42:5)(42:6)(42:7)(42:8)(42:12)
  (42:13)(42:16)(42:18)(55:1)(55:7)(55:13)
shear  (1:18)(3:9)(3:10)(5:11)(5:12)(8:4)(8:5)(9:7)
  (10:16)(11:14)(12:15)(12:22)(13:1)(13:21)(14:13)
  (15:17)(15:23)(18:23)(20:3)(20:6)(20:10)(21:18)(22:12)
  (24:18)(26:14)(27:22)(29:7)(29:14)(35:19)(38:6)(38:7)
  (40:1)(40:12)(45:1)(45:4)(46:1)(47:13)(48:4)(48:7)
  (53:1)(53:2)(53:7)(61:8)(62:11)
sherry  (1:11)(1:14)
she's  (35:8)(36:13)
ship  (36:16)
shipped  (28:24)
shocking  (18:19)
should  (9:1)(9:6)(11:20)(17:23)(21:7)(21:10)(24:1)
  (31:4)(35:19)(36:2)(45:11)(48:4)(54:20)(54:22)(58:12)
show  (31:3)(49:19)(50:19)(51:1)
showing  (37:20)(38:4)(50:15)
shown  (31:6)
side  (9:24)(13:20)(14:22)(21:3)(39:19)(44:16)(56:24)
  (57:18)(58:12)(60:16)(60:17)
sides  (4:23)(9:5)(43:14)(59:22)(60:16)
side's  (46:21)(46:23)
sign  (42:12)
simple  (32:21)
simply  (4:9)(5:14)(18:12)(18:21)(37:17)
since  (10:5)(20:1)(44:13)(52:19)(59:8)
single  (15:2)(30:16)(33:2)
sit  (7:13)(7:18)(11:10)(11:13)(13:3)(17:10)
sitting  (17:11)(36:18)
situation  (13:10)(13:15)(20:21)(21:20)(22:24)(24:8)
  (28:2)(28:20)(29:3)(33:8)(33:12)(34:13)(35:20)(40:4)
  (44:5)(50:4)
situations  (9:14)(20:19)
small  (9:8)(46:17)
some  (4:14)(12:4)(21:3)(23:19)(27:12)(33:24)(40:17)
```

**surrounding**

```
  (50:23)(54:12)(61:4)
someone  (21:10)(22:8)(29:1)(34:14)(34:15)(34:16)(45:9)
something  (7:24)(12:3)(17:8)(19:10)(26:17)(37:2)
  (41:13)(44:4)
somewhat  (49:12)(51:9)
somewhere  (22:16)(42:21)
sore  (24:21)
sorry  (50:11)(50:16)
sort  (22:24)(23:3)(28:10)(38:24)
sounds  (17:13)(26:6)
source  (47:2)(47:4)(47:5)(47:11)(52:12)(55:11)(55:12)
  (56:8)
speak  (22:9)(28:11)(32:23)(41:8)(44:4)(57:11)
specific  (6:23)(10:12)(15:9)(16:24)(43:6)(43:17)
  (45:19)(57:13)
specifically  (14:1)(29:5)(44:23)(45:9)(47:2)(53:9)
spence  (2:2)(3:23)
spent  (27:12)(54:12)
spot  (23:10)
square  (46:19)
stacked  (43:8)
stand  (12:16)
standard  (30:23)(31:1)
standards  (22:23)(54:18)
standing  (6:11)(16:22)(17:1)
stands  (29:8)(53:16)
start  (3:2)(20:5)(20:7)(26:16)(59:10)(60:2)(61:16)
  (62:8)
started  (8:2)(14:2)(20:10)(49:14)(52:20)
stated  (32:15)
statement  (16:20)(47:14)
states  (1:1)(1:14)(7:12)(7:22)(7:23)(17:8)(34:21)
  (36:1)(36:3)(43:14)(43:15)(59:1)(59:2)
stating  (14:19)
status  (12:21)
stay  (43:20)
steel  (40:19)
still  (13:22)(15:24)(24:6)(36:7)
stood  (49:22)
stop  (6:17)
story  (11:2)
strategic  (21:21)
strategically  (53:10)
strategy  (41:22)(52:16)(57:21)
streamline  (60:18)
street  (1:12)
strictly  (29:10)
strong  (59:21)
structure  (50:1)
stuart  (2:17)(3:17)
stuff  (41:9)
subject  (21:24)(22:3)(22:16)(22:23)(25:24)(42:5)
submission  (41:18)(42:15)
submissions  (32:7)(60:15)(60:18)(60:20)(61:5)
submit  (32:12)(42:18)(60:4)
submitted  (24:20)(31:9)(33:3)
submitting  (22:17)(34:16)
subset  (24:9)(27:2)
substantive  (33:10)
substantively  (6:6)
such  (43:17)(54:10)(54:20)(55:19)
sufficiency  (14:11)(19:7)(59:3)(60:8)
suggested  (26:21)(34:9)(55:23)
suit  (10:4)
sunday  (38:21)
supplemental  (16:9)
support  (24:20)
sure  (4:17)(4:23)(5:4)(5:23)(9:7)(14:13)(16:19)
  (16:22)(19:17)(22:12)(24:19)(25:6)(34:2)(35:20)(36:7)
  (37:8)(37:24)(47:13)(48:10)(56:15)(61:2)
surprise  (9:24)
surprised  (14:14)
surrendering  (53:11)
surrounding  (41:1)
```

system

them

system (24:5)

**T**

table (3:24)
take (7:2)(11:23)(16:20)(20:3)(44:16)(46:6)(46:22)
(48:16)(51:18)(58:13)(61:4)
taken (28:1)(52:16)(63:10)
takes (28:7)
taking (11:7)(13:18)(18:3)(27:16)(56:3)
talk (38:9)(48:15)
talked (46:21)(60:7)
talking (13:23)(27:13)(28:16)(38:12)(39:2)(39:15)
(53:5)
taneha (63:3)(63:17)
target (4:20)(61:22)
tasks (31:10)
team (47:4)
technical (5:15)
technology (55:16)
teleconference (9:3)(59:20)(59:21)
tell (7:10)(7:20)(8:11)(12:16)(17:6)(34:12)(45:20)
ten (30:13)
tend (40:14)
tentatively (59:11)
terms (10:10)(16:2)(18:17)(18:18)(34:24)(41:13)
testify (17:17)
than (15:20)(35:23)(36:3)(36:9)(42:23)(43:8)(44:6)
(46:2)(50:6)(54:17)(60:7)
thank (3:19)(30:20)(38:5)(45:1)(48:6)(53:22)(61:12)
(61:13)(62:8)(62:10)(62:11)
that (4:5)(4:13)(4:17)(4:18)(4:22)(4:23)(5:3)(5:10)
(5:12)(6:2)(6:23)(7:3)(7:16)(7:24)(8:6)(8:7)(8:12)
(8:23)(9:4)(9:6)(9:16)(10:4)(10:10)(10:12)(10:22)
(11:19)(12:1)(13:1)(13:6)(13:7)(13:9)(13:15)(14:10)
(14:17)(15:5)(15:7)(15:10)(16:17)(16:21)(17:10)(17:19)
(17:22)(18:1)(18:2)(18:20)(18:23)(19:1)(19:2)(19:4)
(19:9)(19:19)(20:1)(21:5)(21:7)(21:15)(21:16)(21:18)
(21:19)(21:20)(21:22)(22:2)(22:10)(22:14)(22:15)(23:2)
(23:4)(23:7)(23:10)(23:12)(23:13)(23:15)(23:17)(23:21)
(23:22)(23:23)(24:1)(24:7)(24:9)(24:13)(24:15)(24:19)
(24:22)(25:3)(25:8)(25:10)(25:11)(25:22)(26:6)(26:7)
(26:11)(26:16)(26:17)(26:18)(26:21)(26:24)(27:1)
(27:11)(27:15)(28:7)(28:21)(29:11)(29:20)(29:22)(30:2)
(30:5)(30:6)(30:9)(30:17)(30:19)(31:3)(31:6)(31:7)
(31:15)(31:16)(31:20)(31:24)(32:14)(32:15)(32:18)
(32:19)(32:21)(32:22)(33:3)(33:13)(33:24)(34:6)(34:7)
(35:3)(35:6)(35:15)(35:16)(35:24)(36:6)(36:17)(36:22)
(36:23)(36:24)(37:1)(37:8)(37:15)(37:16)(38:9)(38:11)
(38:14)(39:1)(39:4)(39:5)(39:16)(39:16)(40:2)(40:4)
(40:8)(40:9)(40:17)(40:22)(40:24)(41:7)(41:9)(41:12)
(41:18)(41:24)(42:2)(42:5)(42:6)(42:7)(42:8)(42:12)
(42:13)(42:15)(42:16)(42:17)(42:20)(42:22)(43:3)(43:6)
(43:8)(43:11)(43:13)(43:18)(43:19)(43:21)(43:24)(44:5)
(44:8)(44:15)(44:17)(44:18)(44:19)(44:20)(44:21)(45:2)
(45:6)(45:8)(46:9)(46:16)(46:18)(46:20)(46:23)(47:1)
(47:10)(47:15)(47:17)(47:21)(48:3)(48:5)(48:7)(48:14)
(48:21)(49:14)(49:19)(49:24)(50:2)(50:6)(50:8)(50:21)
(51:1)(51:5)(51:10)(51:13)(51:14)(51:17)(52:8)(52:11)
(52:13)(52:14)(52:16)(52:21)(53:15)(53:18)(53:21)
(54:14)(54:17)(54:20)(55:7)(55:23)(56:1)(56:3)(56:5)
(56:9)(56:14)(56:16)(56:21)(56:23)(57:2)(57:3)(57:10)
(57:11)(57:14)(57:16)(57:17)(57:22)(58:4)(58:10)
(58:16)(59:4)(59:5)(59:7)(59:9)(59:13)(59:22)(59:24)
(60:7)(60:11)(60:19)(60:22)(61:1)(61:3)(61:6)(61:15)
(61:17)(61:19)(61:20)(61:21)(61:23)(62:1)(63:4)(63:7)
(63:10)
that's (5:2)(6:21)(6:24)(10:16)(11:14)(13:11)(13:13)
(14:17)(19:11)(21:11)(24:4)(28:11)(29:2)(30:5)(36:9)
(37:3)(40:3)(42:8)(50:15)(51:1)(51:15)(51:17)(52:7)
(53:4)(53:13)(59:18)
the (1:1)(1:2)(1:14)(3:1)(3:3)(3:7)(3:12)(3:19)(3:20)
(4:1)(4:4)(4:5)(4:10)(4:12)(4:15)(4:17)(4:19)(4:20)
(4:22)(5:1)(5:2)(5:3)(5:4)(5:5)(5:6)(5:7)(5:8)(5:13)
(5:14)(5:17)(5:18)(5:19)(5:21)(5:22)(6:1)(6:3)(6:7)

(6:8)(6:11)(6:16)(6:18)(6:20)(6:21)(7:7)(7:8)(7:11)
(7:14)(7:16)(7:17)(7:20)(7:22)(7:23)(8:1)(8:3)(8:5)
(8:11)(8:12)(8:13)(8:14)(8:17)(8:18)(8:22)(8:24)(9:5)
(9:9)(9:20)(9:21)(9:22)(9:23)(10:2)(10:4)(10:5)(10:7)
(10:10)(10:11)(10:12)(10:15)(10:17)(10:18)(10:19)
(10:20)(10:21)(10:24)(11:1)(11:3)(11:5)(11:6)(11:7)
(11:8)(11:9)(11:12)(11:15)(11:16)(11:17)(11:24)(12:1)
(12:5)(12:8)(12:18)(12:20)(12:21)(12:24)(13:1)(13:5)
(13:10)(13:11)(13:12)(13:13)(13:15)(13:17)(13:19)
(13:20)(13:23)(13:24)(14:1)(14:5)(14:6)(14:7)(14:8)
(14:11)(14:13)(14:15)(14:18)(14:21)(14:23)(15:1)(15:3)
(15:4)(15:8)(15:12)(15:15)(15:19)(15:20)(15:24)(16:1)
(16:11)(16:12)(16:15)(16:16)(16:17)(16:18)(16:22)
(16:24)(17:3)(17:7)(17:8)(17:12)(17:13)(17:16)(17:24)
(18:3)(18:8)(18:10)(18:11)(18:12)(18:15)(18:16)(18:20)
(18:22)(18:24)(19:3)(19:5)(19:6)(19:7)(19:10)(19:12)
(19:14)(19:16)(19:17)(19:19)(19:21)(19:22)(19:23)
(20:1)(20:2)(20:7)(20:8)(20:9)(20:10)(20:11)(20:13)
(20:14)(20:20)(20:21)(20:23)(21:3)(21:4)(21:6)(21:8)
(21:9)(21:12)(21:13)(21:22)(21:24)(22:2)(22:4)(22:5)
(22:7)(22:12)(22:13)(22:18)(22:19)(22:24)(23:3)(23:6)
(23:8)(23:10)(23:12)(23:13)(23:21)(23:22)(23:23)(24:6)
(24:7)(24:12)(24:14)(24:18)(24:19)(24:21)(25:1)(25:6)
(25:14)(25:17)(25:21)(25:24)(26:1)(26:3)(26:6)(26:13)
(26:15)(26:16)(26:18)(26:19)(26:23)(27:1)(27:3)(27:7)
(27:9)(27:11)(27:12)(27:15)(27:17)(27:19)(27:20)
(27:22)(27:23)(28:2)(28:5)(28:6)(28:7)(28:10)(28:11)
(28:12)(28:13)(28:18)(28:20)(29:2)(29:3)(29:4)(29:5)
(29:7)(29:9)(29:10)(29:12)(29:15)(29:16)(29:19)(29:21)
(29:23)(30:1)(30:2)(30:6)(30:9)(30:10)(30:15)(30:18)
(30:20)(30:23)(31:1)(31:3)(31:13)(31:15)(31:17)(31:19)
(31:20)(32:1)(32:2)(32:3)(32:5)(32:7)(32:12)(32:13)
(32:15)(32:17)(32:18)(32:20)(32:21)(33:3)(33:6)(33:7)
(33:8)(33:20)(33:23)(33:24)(34:3)(34:5)(34:10)(34:20)
(35:8)(35:12)(35:18)(35:21)(35:24)(36:2)(36:4)(36:5)
(36:7)(36:9)(36:11)(36:13)(36:20)(36:23)(36:24)(37:8)
(37:14)(37:16)(37:17)(37:18)(37:19)(38:5)(38:10)
(38:13)(38:18)(38:21)(39:1)(39:3)(39:4)(39:5)(39:9)
(39:12)(39:16)(39:17)(39:19)(39:20)(40:7)(40:8)(40:10)
(40:13)(40:14)(40:15)(40:16)(40:19)(41:1)(41:8)(41:10)
(41:11)(41:12)(41:14)(41:17)(41:18)(41:21)(42:1)(42:3)
(42:4)(42:6)(42:11)(42:14)(42:18)(42:19)(42:21)(42:22)
(42:24)(43:4)(43:7)(43:13)(43:15)(43:18)(43:21)(43:24)
(44:1)(44:2)(44:3)(44:6)(44:7)(44:15)(44:16)(44:18)
(44:19)(44:21)(44:22)(45:3)(45:5)(45:8)(45:10)(45:13)
(45:17)(45:20)(45:21)(45:23)(46:3)(46:8)(46:11)(46:12)
(46:14)(46:16)(46:18)(46:22)(47:1)(47:2)(47:4)(47:5)
(47:9)(47:14)(47:15)(47:16)(47:17)(47:19)(47:23)(48:2)
(48:6)(48:7)(48:11)(48:14)(48:16)(48:19)(48:20)(48:23)
(48:24)(49:1)(49:2)(49:4)(49:6)(49:10)(49:12)(49:13)
(49:15)(49:17)(49:18)(49:19)(49:20)(50:3)(50:5)(50:6)
(50:9)(50:11)(50:14)(50:16)(50:18)(50:19)(50:20)(51:4)
(51:16)(51:18)(51:21)(52:7)(52:9)(52:12)(52:17)(52:21)
(53:1)(53:6)(53:8)(53:9)(53:10)(53:11)(53:16)(53:19)
(53:20)(53:23)(54:1)(54:3)(54:5)(54:8)(54:9)(54:13)
(54:14)(54:17)(55:1)(55:2)(55:3)(55:4)(55:6)(55:12)
(55:16)(55:18)(55:22)(55:24)(56:1)(56:4)(56:6)(56:7)
(56:12)(56:13)(56:16)(56:18)(56:19)(56:22)(56:23)
(56:24)(57:2)(57:3)(57:5)(57:8)(57:9)(57:10)(57:16)
(57:17)(57:18)(57:19)(57:22)(57:24)(58:4)(58:5)(58:8)
(58:12)(58:13)(58:14)(58:16)(58:19)(58:21)(58:23)
(58:24)(59:1)(59:2)(59:3)(59:4)(59:6)(59:7)(59:8)
(59:10)(59:14)(59:18)(59:19)(60:1)(60:3)(60:5)(60:7)
(60:8)(60:16)(60:17)(60:19)(60:22)(60:23)(60:24)(61:7)
(61:9)(61:10)(61:12)(61:13)(61:15)(61:16)(61:18)
(61:19)(61:20)(62:1)(62:2)(62:6)(62:8)(62:12)(63:4)
(63:5)(63:9)
their (5:15)(6:11)(17:1)(18:17)(24:20)(25:17)(26:8)
(28:16)(30:3)(33:9)(33:15)(35:15)(36:16)(36:21)(37:2)
(37:21)(38:1)(38:2)(41:22)(46:10)(46:23)(49:2)(49:20)
(50:2)(50:3)(50:7)(50:8)(50:24)(52:13)(52:14)(52:15)
(54:23)(57:24)
them (6:11)(7:11)(7:21)(8:10)(9:1)(10:13)(10:20)
(11:2)(11:21)(13:7)(15:6)(15:11)(18:5)(18:18)(18:19)

**themselves**

(19:1)(30:3)(33:13)(36:5)(39:22)(46:16)(47:15)(48:11)
(48:21)(55:18)(56:15)(57:14)(60:13)
**themselves**  (23:11)(35:4)(57:20)
**then**  (7:2)(14:16)(19:21)(30:10)(31:17)(35:5)(38:24)
(50:24)(51:24)(56:22)(60:3)(61:2)
**theory**  (17:1)
**there**  (6:17)(10:19)(13:9)(13:14)(14:10)(14:14)(16:23)
(19:21)(25:11)(26:14)(31:24)(37:7)(38:13)(38:23)
(42:20)(42:24)(43:14)(43:16)(43:23)(44:3)(47:24)
(49:17)(56:2)(56:4)(56:13)(56:20)(57:3)(57:5)(58:2)
(60:6)(60:18)(61:6)(61:24)
**there's**  (15:9)(24:5)(38:22)(45:17)(49:12)(51:9)(54:16)
**these**  (8:23)(11:23)(13:4)(17:19)(18:1)(26:9)(26:11)
(29:18)(30:19)(34:9)(38:9)(39:15)(40:15)(41:15)(44:8)
(45:18)(54:15)(57:7)(57:15)(58:2)(58:11)(58:20)(60:12)
**they**  (6:8)(6:13)(7:9)(7:11)(7:12)(7:17)(7:19)(7:20)
(7:21)(7:22)(11:9)(11:12)(11:21)(12:19)(13:2)(13:5)
(13:24)(14:20)(15:6)(17:5)(17:9)(18:12)(18:13)(18:15)
(18:20)(20:1)(23:7)(23:22)(24:20)(25:15)(25:16)(25:18)
(29:15)(30:14)(30:17)(31:1)(31:5)(31:6)(32:6)(32:8)
(33:9)(33:15)(33:18)(36:20)(36:21)(37:9)(37:11)(37:17)
(37:20)(38:3)(38:11)(38:20)(39:3)(39:18)(39:19)(41:20)
(41:24)(45:6)(46:1)(47:7)(48:21)(48:23)(49:23)(50:1)
(50:23)(51:6)(51:12)(51:13)(52:12)(52:20)(52:21)
(52:22)(52:23)(54:22)(55:23)(58:8)
**they're**  (11:2)(32:10)(37:24)
**thing**  (10:17)(39:1)(39:4)(39:5)(51:4)
**things**  (10:10)(11:23)(14:24)(16:2)(16:10)(19:15)
(23:1)(23:4)(23:7)(23:13)(24:5)(29:2)(30:9)(38:14)
(39:12)(39:15)(48:17)(57:15)(58:2)
**think**  (5:17)(12:1)(14:21)(15:8)(17:19)(19:14)(21:19)
(21:21)(25:8)(26:20)(28:6)(30:5)(30:16)(34:1)(34:11)
(38:22)(39:9)(40:2)(40:4)(41:17)(43:11)(43:18)(44:9)
(45:2)(46:1)(46:2)(46:18)(47:13)(47:14)(49:22)(62:5)
**third**  (11:3)
**this**  (4:5)(4:14)(4:18)(5:5)(6:18)(7:23)(8:8)(9:24)
(11:18)(12:1)(12:3)(12:7)(13:22)(14:18)(15:7)(15:21)
(19:1)(20:18)(20:19)(20:21)(21:24)(23:2)(23:9)(23:11)
(23:12)(23:16)(24:11)(24:15)(25:9)(26:1)(28:6)(28:19)
(29:16)(29:20)(30:6)(30:7)(30:8)(30:16)(32:16)(33:17)
(34:17)(35:5)(35:19)(36:10)(40:11)(40:17)(40:18)
(41:13)(42:5)(44:11)(45:4)(45:15)(46:3)(46:13)(47:23)
(49:13)(50:4)(51:4)(51:5)(52:2)(52:19)(53:18)(53:24)
(55:21)(56:1)(56:5)(57:12)(58:14)(58:18)(60:4)(63:10)
(63:12)(63:13)
**those**  (4:7)(5:12)(5:18)(7:2)(8:8)(8:18)(12:9)(12:11)
(13:18)(15:18)(16:2)(16:10)(17:15)(17:18)(17:24)(18:3)
(20:16)(20:19)(21:11)(22:23)(23:4)(24:8)(24:23)(25:5)
(25:19)(25:23)(26:5)(27:6)(27:18)(29:21)(30:13)(34:18)
(34:24)(37:11)(37:12)(44:2)(48:14)(48:17)(55:13)(56:7)
(56:19)(57:7)(58:1)
**though**  (6:8)
**thought**  (23:2)(29:12)(45:14)
**three**  (11:3)(11:5)(12:18)(13:1)(34:23)
**through**  (10:7)(15:3)(26:22)
**throughout**  (56:18)
**tier**  (24:5)
**time**  (4:5)(13:12)(17:11)(20:4)(27:12)(35:12)(39:19)
(39:22)(40:15)(49:12)(54:12)(57:14)(58:21)(59:16)
(60:13)(61:3)
**timeline**  (17:22)(59:13)
**timely**  (58:15)
**times**  (30:13)
**timing**  (53:18)
**today**  (3:8)(3:23)(4:17)(8:13)(8:19)(8:21)(12:2)
(12:16)(19:20)(44:8)(44:14)(44:20)(45:16)(46:13)
(46:14)(48:21)(58:13)(58:24)(61:7)
**together**  (56:24)
**told**  (7:16)
**too**  (47:6)
**totally**  (21:20)
**touch**  (4:10)
**transcript**  (32:20)(44:11)(58:18)(63:5)
**traveled**  (62:3)

**was**

**trend**  (49:13)
**trial**  (11:20)(11:22)(12:10)(12:14)(12:17)(14:17)
(17:17)(61:22)
**tried**  (38:4)
**true**  (31:17)(48:13)(63:5)
**try**  (13:23)(29:3)(44:2)(46:19)(57:16)(58:1)
**trying**  (23:18)(28:23)(34:8)(40:3)(40:4)(47:15)
**turn**  (35:2)
**two**  (5:18)(6:12)(8:18)(14:5)(26:14)(27:6)(35:6)
(38:14)(43:12)(45:18)(45:23)(51:12)(52:20)(53:2)(60:7)
**two-tier**  (24:4)
**tying**  (57:18)
**type**  (11:17)(12:1)(38:4)(49:8)
**types**  (16:2)(34:18)(39:3)(54:7)
**typical**  (9:19)(14:21)(47:3)
**typically**  (11:18)

**U**

**ultimately**  (9:10)(17:17)
**unable**  (11:4)(12:22)
**uncommon**  (24:2)
**under**  (17:12)(21:8)(23:3)(24:3)(26:10)(30:18)(30:19)
(36:2)(45:10)(58:11)
**understand**  (30:4)(41:6)(41:11)
**understanding**  (11:8)(11:24)(18:22)(29:20)
**understood**  (8:7)
**unexpected**  (43:9)
**united**  (1:1)(1:14)(7:12)(7:22)(7:23)(17:8)(34:21)
(35:24)(36:3)(43:13)(43:15)(58:24)(59:1)
**universally**  (21:5)(21:6)
**unless**  (34:12)
**unless you**  (14:6)
**unlike**  (9:19)
**unusual**  (16:3)
**unworkable**  (35:7)
**updates**  (25:1)
**updating**  (25:3)
**upon**  (35:10)
**use**  (41:10)(46:10)(46:16)(54:20)(54:23)(56:8)(57:6)
(57:11)
**used**  (9:11)(30:7)(46:24)(52:2)(55:11)
**uses**  (47:5)
**using**  (57:22)
**usually**  (14:22)(30:14)(59:14)

**V**

**validity**  (39:11)(50:2)(54:8)
**variety**  (9:14)(13:10)
**various**  (10:8)(54:3)
**versata**  (45:16)(45:22)(46:7)(46:18)(46:19)(46:20)
(47:16)(48:22)(48:23)(49:7)(49:11)(50:12)(51:7)(52:11)
(54:14)(55:7)(55:12)(56:8)
**version**  (9:18)(56:12)
**versions**  (20:15)
**very**  (8:3)(9:20)(16:15)(18:9)(20:9)(20:24)(27:3)
(28:20)(43:16)(46:17)(47:3)(62:4)
**video**  (13:14)
**view**  (8:24)(61:18)
**viewing**  (57:15)
**violation**  (22:5)
**vis-à-vis**  (48:16)
**voluntarily**  (7:12)(7:18)(7:23)(11:10)(11:13)(13:3)
(17:10)

**W**

**wait**  (19:2)(33:20)(59:14)
**want**  (5:6)(5:7)(12:3)(14:7)(19:9)(19:24)(23:23)(25:9)
(31:23)(34:2)(35:2)(39:3)(39:20)(39:22)(40:13)(46:4)
(46:19)(48:24)(49:23)(50:1)(50:23)(51:8)(60:1)(60:24)
(62:6)
**wants**  (19:4)(40:6)(50:22)
**was**  (4:5)(7:16)(10:17)(15:2)(18:18)(21:15)(26:9)
(26:17)(27:8)(29:12)(29:21)(30:2)(35:22)(39:2)(47:2)
(47:6)(48:2)(48:8)(48:23)(49:7)(49:8)(55:8)(55:12)

| wasn't | zorvolex |
|---|---|

```
wasn't                           without  (11:16)(21:3)(23:16)(29:23)(57:8)
(56:14)(63:10)                   witness  (11:19)(55:10)
wasn't  (46:13)                  witnesses  (12:13)
wasting  (17:11)                 wondering  (35:23)
way  (6:18)(11:17)(14:18)(19:14)(26:23)(30:6)(41:24)   won't  (11:9)(12:17)(53:14)
(46:13)(47:23)(48:11)(48:19)(49:10)(50:2)(53:15)(56:9)   work  (4:22)(7:24)(14:24)(18:2)(19:12)(19:13)(19:23)
(57:12)(60:18)                   (30:3)(34:19)(35:11)(35:21)(39:13)
ways  (13:10)(13:15)             working  (10:7)(16:1)(16:9)
website  (60:23)                 world  (43:12)
week  (15:7)(19:1)               worried  (28:12)
weigh  (43:6)                    would  (7:17)(8:7)(9:4)(15:23)(16:3)(16:5)(17:22)
well  (5:22)(6:16)(7:2)(8:3)(11:14)(12:7)(16:15)   (18:1)(18:21)(19:13)(19:15)(21:14)(21:21)(23:2)(23:5)
(17:13)(18:8)(18:16)(20:9)(21:13)(21:18)(22:1)(27:11)   (23:7)(23:9)(23:11)(25:21)(25:24)(26:3)(26:5)(26:11)
(30:22)(35:20)(38:18)(45:2)(59:5)(60:11)   (26:12)(26:16)(26:19)(27:7)(27:24)(30:2)(31:17)(32:20)
were  (6:6)(6:9)(15:5)(26:10)(29:3)(31:16)(34:7)(50:7)   (33:5)(34:10)(34:14)(39:6)(39:22)(41:20)(41:24)(44:14)
(52:14)(56:5)(59:4)              (48:14)(49:1)(49:10)(51:11)(54:5)(54:19)(56:3)(59:9)
we're  (9:4)(17:6)(28:2)(28:12)(40:4)(47:15)(53:13)   wouldn't  (8:8)(46:5)(48:18)
weren't  (30:18)                 writing  (15:6)(17:8)
we've  (11:4)(17:4)(37:17)(38:19)(60:7)   written  (32:11)(44:12)(53:16)(58:20)
what  (5:6)(8:21)(8:22)(12:21)(17:2)(17:4)(18:23)   wrong  (6:3)
(19:2)(22:7)(23:18)(24:10)(24:22)(25:7)(25:16)(25:23)
(25:24)(26:2)(26:20)(28:12)(28:23)(29:17)(30:5)(30:14)
(34:1)(34:5)(34:8)(36:19)(37:3)(37:8)(37:24)(39:7)
(40:3)(45:20)(46:2)(46:7)(46:8)(48:8)(48:18)(48:23)
(49:22)(49:23)(51:1)(53:13)(53:21)(58:23)(59:18)
what's  (18:4)(28:18)
whatsoever  (43:22)(47:18)
when  (17:5)(17:6)(24:4)(24:21)(27:20)(30:7)(37:9)
(60:1)
where  (11:7)(11:12)(16:4)(20:19)(20:21)(21:9)(21:12)
(24:5)(27:19)(29:9)(30:17)(33:8)(35:20)(36:21)(37:5)
(40:5)(45:7)(45:22)(46:4)(50:5)(56:14)(56:21)
whereas  (9:23)
wherein  (9:21)
whether  (7:11)(7:12)(7:13)(7:20)(7:22)(8:14)(9:2)
(11:6)(13:11)(13:13)(13:24)(17:7)(21:10)(22:15)(25:4)
(28:8)(30:24)(31:1)(36:11)(40:20)(40:22)(45:9)(54:1)
which  (4:16)(6:5)(9:11)(14:18)(14:20)(15:1)(17:1)
(26:20)(29:22)(30:12)(31:10)(33:10)(34:13)(35:4)(36:1)
(36:2)(38:19)(39:7)(41:3)(41:20)(44:5)(44:22)(46:6)
(54:2)(54:5)(54:18)(55:9)(63:10)
while  (47:22)(57:17)
who  (3:14)(3:15)(3:17)(4:8)(12:16)(17:16)(20:13)
(21:10)(21:23)(22:8)(22:21)(25:19)(27:14)(31:13)(45:9)
(55:11)
whole  (9:13)(29:20)
wholesale  (27:4)(28:24)
whom  (25:18)
why  (6:17)(19:11)(19:20)(22:8)(25:9)(29:2)(33:23)
(62:5)
will  (4:16)(4:22)(5:23)(6:19)(7:1)(7:2)(7:12)(7:14)
(7:22)(8:1)(8:11)(8:18)(10:21)(10:23)(11:7)(11:9)
(12:1)(12:5)(12:16)(13:3)(13:7)(13:15)(13:24)(14:2)
(14:14)(15:7)(16:8)(16:10)(16:20)(17:5)(18:16)(18:24)
(19:18)(19:19)(20:7)(20:22)(25:3)(29:18)(29:23)(32:12)
(35:20)(37:4)(39:10)(42:4)(42:10)(42:12)(43:10)(43:19)
(44:2)(44:4)(44:10)(44:11)(44:12)(47:18)(47:21)(48:20)
(48:21)(50:2)(52:19)(53:9)(53:13)(53:22)(56:23)(56:24)
(57:13)(58:18)(58:19)(58:21)(59:11)(60:19)(62:1)
william  (2:5)
willing  (7:19)(8:9)(19:5)(34:4)(39:6)
wilmington  (1:12)
wish  (59:18)(59:19)
with  (3:2)(3:8)(3:23)(4:2)(4:10)(4:11)(4:23)(5:3)
(5:13)(5:17)(6:14)(7:3)(8:20)(9:8)(10:8)(11:4)(11:23)
(12:6)(12:19)(12:21)(13:2)(13:20)(14:8)(14:11)(14:17)
(14:20)(15:13)(15:18)(16:16)(17:14)(17:23)(18:4)
(24:23)(24:24)(25:12)(25:17)(25:18)(26:12)(26:24)
(27:14)(28:1)(28:14)(28:19)(28:20)(28:21)(29:21)(30:3)
(30:16)(31:5)(31:12)(32:9)(32:23)(32:24)(35:6)(36:10)
(37:4)(37:10)(38:10)(39:2)(39:3)(39:10)(39:13)(39:14)
(39:19)(39:20)(39:23)(40:2)(40:5)(41:3)(41:21)(41:23)
(42:2)(44:3)(44:7)(44:10)(44:13)(44:21)(46:20)(48:4)
(48:9)(53:17)(55:18)(56:8)(57:2)(57:24)(58:8)(58:13)
(59:1)(59:2)(59:15)(60:22)(61:6)
```

```
Y

year-and-a-half  (12:11)
yes  (53:3)
yet  (13:22)
you  (3:19)(4:7)(5:6)(5:7)(5:13)(5:23)(6:17)(8:6)
(11:19)(11:20)(12:5)(12:6)(12:9)(12:16)(12:18)(12:19)
(13:19)(14:7)(15:14)(17:14)(17:18)(17:22)(18:23)(19:1)
(19:2)(19:9)(19:12)(22:14)(23:6)(24:4)(24:14)(25:21)
(25:22)(26:12)(27:6)(27:23)(29:5)(29:8)(29:17)(30:11)
(30:20)(34:2)(34:3)(34:12)(38:5)(39:19)(39:22)(40:13)
(44:14)(45:1)(45:13)(46:14)(46:18)(46:19)(47:9)(48:6)
(53:22)(58:10)(58:13)(59:13)(60:1)(60:4)(61:2)(61:4)
(61:5)(61:12)(61:16)(61:19)(61:22)(61:23)(62:5)(62:7)
(62:8)(62:10)(62:11)
you'd  (8:10)
your  (3:5)(3:10)(3:21)(5:11)(5:20)(5:24)(7:6)(8:5)
(8:7)(16:19)(17:3)(17:21)(17:23)(18:6)(19:14)(20:6)
(21:13)(23:17)(24:18)(25:8)(26:6)(26:15)(26:20)(27:23)
(28:5)(29:9)(29:15)(29:19)(30:22)(31:23)(32:14)(32:20)
(34:2)(37:4)(38:7)(39:23)(40:12)(45:1)(49:11)(50:4)
(50:17)(51:8)(52:10)(52:16)(53:3)(60:4)(61:5)(61:8)
(61:11)(61:14)(61:17)(61:22)(62:10)(62:11)
you're  (17:4)(17:15)(35:21)(39:22)(61:17)
you've  (5:5)(62:3)

Z

zimmerman  (2:5)(4:1)
zorvolex  (9:10)(32:5)(32:10)(50:6)
```