# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALLERGAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-663-VAC-SRF |
| | ) | |
| TARO PHARMACEUTICAL | ) | **UNDER SEAL** |
| INDUSTRIES LTD. and TARO | ) | |
| PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **28th** day of **November, 2017**, the court having considered the parties' letter submissions regarding the request for early summary judgment by defendants Taro Pharmaceutical Industries Ltd. and Taro Pharmaceuticals, Inc. (together, "Taro") in the above-captioned matter (D.I. 22; D.I. 27), IT IS HEREBY ORDERED THAT the request for early summary judgment is DENIED for the reasons set forth below.

1. **Background.** Plaintiff Allergan, Inc. ("Allergan") brought this civil action for patent infringement under the Hatch-Waxman Act on June 1, 2017, alleging a cause of action for infringement of United States Patent No. 9,517,219 ("the '219 patent"), which is entitled "Topical Dapsone and Dapsone/Adapalene Compositions and Methods for Use Thereof. (D.I. 1 at ¶ 18) The '219 patent encompasses the approved use of Allergan's ACZONE® Gel, 7.5%, which contains dapsone as its active pharmaceutical ingredient ("API") and was approved for marketing by the FDA in Allergan's New Drug Application ("NDA") No. 207154. (*Id.* at ¶¶ 17, 19)

**2.** The court held a Rule 16 scheduling conference on September 20, 2017. In the parties' joint proposed scheduling order, Allergan took the position that case dispositive motions should not be permitted because this matter is scheduled for a bench trial. (D.I. 18 at ¶ 10(a)) Taro requested early summary judgment regarding non-infringement. (*Id.* at ¶ 10(b)) Following the scheduling conference, the parties briefed their respective positions. (D.I. 22; D.I. 27)

**3. Analysis.** Taro's request for early summary judgment is denied. Taro's arguments in favor of early summary judgment focus in large part on statements made during prosecution of the application leading to the '219 patent, which allegedly limited the claimed polymeric viscosity builder ("PVB") to a single ingredient known as acrylamide/sodium acryloyldimethyl taurate copolymer ("A/SA") with the language "consisting of." (D.I. 22 at 3-5) However, the prosecution history reveals that the claim language was subsequently modified to a PVB "comprising" A/SA, which purportedly broadened the claim by permitting a PVB made of A/SA in combination with other ingredients. (D.I. 27, Exs. F-H) The purported equivalence of Taro's multi-component PVB and the claimed PVB in the '219 patent is the proper subject of fact and expert discovery, as well as claim construction.

**4.** Likewise, Taro's arguments regarding Allergan's alleged dedication to the public of the PVB Carbopol 980 are more properly resolved following the completion of discovery and claim construction. Discovery and claim construction will clarify the purported equivalence between the multi-component PVB used in Taro's ANDA, and the PVB claimed in Allergan's '219 patent.

**5. Conclusion.** In view of the foregoing analysis, Taro's request for early summary judgment is denied.

**6.** Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **December 5, 2017**. The court will subsequently issue a publicly available version of its Memorandum Order.

**7.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**8.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge